■ LAURIE A. ZABLOCKI, Appellant, v GREGG STRALEY et al., Respondents.—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered March 30, 1989 in Dutchess County, which denied plaintiff's motion to vacate a default judgment entered against her.

The order should be reversed. Plaintiff demonstrated both a meritorious claim and a reasonable excuse for her failure to timely serve her complaint (CPLR 5015 [a] [1]). Plaintiff's claim obviously has merit. Her affidavit discloses that while a passenger in a motor vehicle owned by defendant Gregg Straley, she sustained serious physical injury when the car

left the road and struck a utility pole; she avers further that the driver, defendant Alan Straley, lost control of the vehicle. And the accompanying medical records suggest that she suffered a serious injury, "an anterior-superior corner-type compression fracture of L3".

Plaintiff's counsel represents that a substantial settlement offer ($21,500 on a policy having a limit of $25,000), which defendants' insurer concededly made, had been conditionally accepted pending receipt of assurance from the insurance carrier's representative that there was no other insurance coverage available. Believing that a tentative settlement had been reached, plaintiff's counsel, who had previously served only a bare summons, did not serve a timely complaint. While the more prudent course would have been for plaintiff to have responded to defendants' subsequent motion to dismiss, the record lends plausibility to plaintiff's assertion that failure to serve the complaint was due to counsel's apparent conviction that for all intents and purposes a settlement had been obtained *(compare, Fiato v Buscema,* 122 AD2d 335).

In view of the comparatively brief delay, four months, the lack of any intention on plaintiff's part to default, the failure of defendants to demonstrate any prejudice attributable to the delay and the policy preference for resolving claims on their merits, plaintiff's untimeliness should have been excused. Because of the added expense and inconvenience defendants necessarily experienced because of the conduct of plaintiff's counsel, however, $1,000 in monetary sanctions should be imposed *(see, Davies v Contel of N. Y.,* 155 AD2d 809, 810-811; *Matter of Harley v Assessor of Town of Hoosick,* 121 AD2d 776, 777; *Gabrelian v Gabrelian,* 108 AD2d 445, 447, *appeal dismissed* 66 NY2d 741).

Order reversed, on the law and the facts, without costs, motion granted and default judgment entered against plaintiff vacated on condition that plaintiff pay defendants $1,000 simultaneously with the service of the complaint. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.