■ ALL STATES MEDICAL PLACEMENT AGENCY, INC., Respondent, v BENJAMIN KRIPKE, Appellant. [636 NYS2d 908] — Cardona, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered January 25, 1995 in Ulster County, which denied defendant's motion to vacate a default judgment entered against him.

Plaintiff commenced this action to collect the balance due on an employment placement contract by service of a summons and complaint upon defendant in Massachusetts on March 17, 1994. On April 11, 1994, defendant's attorneys telefaxed to plaintiff's attorneys a proposed stipulation requesting a 25-day extension of time to answer through May 11, 1994. Plaintiff's attorneys modified the stipulation by limiting defendant's time to April 27, 1994 and returned it by telefax to defendant's attorneys on April 13, 1994, together with a cover letter referring to the two-week extension. On May 5, 1994, plaintiff served

a notice of motion for a default judgment by mail upon defendant's attorneys, returnable on May 16, 1994. On May 11, 1994, defendant served his answer by mail but did not respond to the motion for default judgment. On May 24, 1994, the answer was rejected as untimely. Thereafter, defendant sought permission from Supreme Court to submit late papers in opposition to the motion. The request was denied and a default judgment was entered. Defendant then moved to vacate the default judgment. Supreme Court denied the motion, finding that defendant had signed the contract in his personal capacity and, therefore, failed to show a meritorious defense. Defendant appeals.

We reverse. A party seeking to be relieved of a judgment on the ground of "excusable default" must demonstrate both a reasonable excuse for the default and a meritorious claim or defense (*see, Bowdren v Peters*, 208 AD2d 1020, 1021). Here, the 11-day delay arising from defense counsel's failure to note the abbreviated extension of time constitutes excusable law office failure (*see*, CPLR 2005). We note that defendant's attorneys served the answer within the requested time period of their original stipulation. There was, therefore, no intention to default and no prejudice attributable to the delay (*see, Zablocki v Straley*, 173 AD2d 1015, 1016).

We now address the question of whether defendant raised a meritorious defense. Originally, pursuant to a contract with Benjamin Kripke, M.D., P. C., plaintiff provided the services of Manoucher Taheri on a temporary basis as an anesthesiologist to meet the transitory needs of the professional corporation. When the temporary services of Taheri proved satisfactory and Taheri expressed interest in a permanent position, defendant, who was the president of the professional corporation, entered into negotiations with plaintiff concerning its placement fee. As a result, a contract was entered into which is the subject of this action. Plaintiff points out that all references in the contract are to defendant and not the professional corporation. Defendant alleges, however, that the use of his name individually, rather than the similar professional corporation's name, was a scrivener's error and a mutual mistake. Defendant submitted documentary evidence in support of his claim that the contract was part of a related series of transactions involving his professional anesthesiology corporation and not him individually. This prima facie showing was sufficient to raise a defense with legal merit and, as the resolution of disputes on their merits is favored, defendant's untimeliness should have been excused (*see, Dwyer v West Bradford Corp.*, 188 AD2d 813,

815; *David Sanders, P. C. v Harris A. Sanders, Architects*, 140 AD2d 787, 789). Based upon the circumstances of this case, including the additional expenses and inconvenience to plaintiff, $500 in monetary sanctions should be imposed (*see, Zablocki v Straley*, 173 AD2d 1015, *supra*).

Mikoll, Crew III, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law and facts, without costs, motion granted and default judgment entered against defendant vacated on condition that defendant pays plaintiff $500 simultaneously with the service of the answer.