■ DIME SAVINGS BANK OF NEW YORK, FSB, Respondent, v CROMWELL, MORGAN & COMPANY, INC., Appellant, et al., Defendants. [649 NYS2d 350] —Mercure, J. Appeal from an order of the Supreme Court (Mycek, J.), entered May 11, 1995 in Saratoga County, which, *inter alia*, denied a motion by defendant Cromwell, Morgan & Company, Inc. to vacate a default judgment entered against it.

This is an action to foreclose a mortgage on property in Saratoga County owned by defendant Cromwell, Morgan & Company, Inc. (hereinafter defendant). Plaintiff caused the summons and complaint to be served upon defendant by service

upon the Secretary of State on April 22, 1994. It is undisputed that defendant's time to serve an answer was extended to June 29, 1994. There is no competent evidence in the record to support a finding of any further extension. On July 5, 1994, defendant moved to dismiss the complaint against it upon the ground that in a summary proceeding pursuant to RPAPL article 7 personal jurisdiction may not be obtained over a corporate respondent by means of service upon the Secretary of State. On July 29, 1994, plaintiff cross-moved for an order declaring defendant to be in default and for the appointment of a Referee to compute the amount due under the note and mortgage and to determine whether the property should be sold in one parcel. Defendant served no papers in opposition to the cross motion prior to the August 9, 1994 return date and, on August 12, 1994, Supreme Court issued a written decision denying defendant's motion, upon the ground that this is an action to foreclose a mortgage and not a summary proceeding to recover possession of real property, and granting plaintiff's cross motion.

By letter dated August 24, 1994, defendant requested that Supreme Court reconsider its decision on the cross motion and permit defendant to serve an answer. Finding that defendant was in default in answering at the time it moved to dismiss the complaint (*see*, CPLR 3211 [e]) and thus not entitled to the automatic extension of CPLR 3211 (f), Supreme Court denied the request. Ultimately, Supreme Court issued an order dated November 2, 1994 granting plaintiff's July 29, 1994 cross motion and denying defendant's July 5, 1994 motion and subsequent request for reconsideration. Defendant took no appeal from that order.

Finally, on September 27, 1994, defendant moved pursuant to CPLR 5015 (a) (1) for an order vacating its default and permitting it to serve an answer. For the first time, defendant asserted as a defense to the action plaintiff's failure to timely apply to the mortgage indebtedness funds that defendant had on account with plaintiff. In opposition to the motion, plaintiff submitted an affidavit of a supervisor in its foreclosure management department stating that between August 1993 and the time of notice of its election to accelerate the obligation, there never were sufficient funds in the subject account to cover the payments that were due. By order entered May 11, 1995, Supreme Court denied the motion. Defendant appeals.

We affirm. On its motion pursuant to CPLR 5015 (a), it was defendant's obligation to establish both a reasonable excuse for its default and a meritorious defense to the action (*see*, *All*

*States Med. Placement Agency v Kripke*, 223 AD2d 953, 954). In our view, defendant established neither. First, defendant provided no justification for its multiple defaults, i.e., its failure to timely answer the complaint or move to dismiss it, to submit an affidavit in opposition to plaintiff's cross motion for judgment on default, or to properly move for leave to serve a late answer. Second, there is absolutely no merit to defendant's claim of improper service, and the conclusory allegations of its principal fail to controvert plaintiff's claim that there were insufficient funds in defendant's bank account to bring the mortgage current prior to the election to accelerate.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.