■ In the Matter of DARLENE MARTIN, Respondent, v DONALD MARTIN, Appellant. (And Two Other Related Proceedings.) [657 NYS2d 822] —Mercure, J. Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered January 18, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, to find respondent in violation of a prior order of protection, (2) from an order of said court, entered January 18, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, for a second order of protection, and (3) from an order of said court, entered March 30, 1995, which denied respondent's motion to, inter alia, vacate the default orders entered against him.

At all times relevant to this appeal, the parties were married to one another but a divorce action was pending between them. In April 1994, Family Court issued an order of protection, which was entered upon stipulation of the parties and directed each party to refrain from any act of disorderly conduct, harassment, assault or other offensive conduct against the other. As the result of a January 1, 1995 altercation between the parties, which began at an area tavern and continued at the residence of respondent's parents, who were babysitting the parties' children, petitioner commenced proceedings to find respondent in violation of the April 1994 order of protection and for a further order of protection. Respondent also filed a petition based upon petitioner's alleged violation of the order of protection. All three petitions were noticed for an initial appearance in Family Court on January 18, 1995 at 10:20 A.M.

---

* County Court was unable to provide us with this tape.

On that date, the proceedings commenced promptly at 10:20 A.M. Noting respondent's absence, Family Court first inquired whether petitioner wished to have respondent's petition dismissed. Eliciting an affirmative response, Family Court immediately complied with petitioner's request. Family Court then administered an oath to petitioner and questioned her concerning the events underlying her petitions. By the time respondent and his counsel arrived in the hearing room—at 10:40 A.M. according to Family Court and 10:37 A.M. according to respondent's counsel—Family Court had already finished taking evidence in support of petitioner's petitions. Then, over the protest of respondent's counsel, who indicated that he and respondent had been in the hall outside the hearing room for the previous five minutes and that he was entirely responsible for their tardy arrival, Family Court proceeded to make a finding of violation and to sentence respondent to a 30-day jail term. On February 8, 1995, respondent moved to reopen the proceedings and to vacate the orders entered against him upon the alternative grounds of lack of in personam jurisdiction and excusable default. Despite the fact that petitioner submitted no papers in opposition, Family Court denied the motion. Respondent now appeals from each of the three orders entered by Family Court.

As a threshold matter, because no appeal lies from an order entered upon default (*see, Matter of Benjamin G.*, 228 AD2d 813), respondent's appeal from the two orders entered January 18, 1995 must be dismissed (*see, id.*). Turning our attention to the appeal from the order entered March 30, 1995, we conclude that Family Court abused its discretion in denying respondent's motion to vacate the default orders entered against him. The record establishes that respondent was present at Family Court within 15 minutes of the appointed time and that the minimal tardiness was solely attributable to his counsel, who met with respondent prior to the scheduled proceeding and provided the transportation to Family Court. In addition, the averments contained in respondent's February 8, 1995 affidavit establish prima facie that petitioner and not respondent was guilty of violating the order of protection. Faced with a clear showing of a negligible default attributable solely to law office failure and a meritorious defense to the petitions and petitioner having submitted no papers in opposition to the motion, Family Court erred in unconditionally denying the motion to vacate (*see, All States Med. Placement Agency v Kripke*, 223 AD2d 953, 954; *Zablocki v Straley*, 173 AD2d 1015, 1016). In fact, under the circumstances present here, and particularly in view of petitioner's failure to file a brief with this Court, we are

disinclined to impose even a monetary sanction (*cf., Zablocki v Straley, supra*).

Respondent's remaining contentions have been considered and found unavailing.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the appeals from the orders entered January 18, 1995 are dismissed, without costs. Ordered that the·order entered March 30, 1995 is reversed, on the law, with costs, respondent's motion granted, orders entered January 18, 1995 vacated, respondent's petition reinstated and matter remitted to the Family Court of Delaware County.