■ In the Matter of KATYA SCHREIBER, Respondent, v PETER SCHREIBER, Appellant. [768 NYS2d 683]—

Cardona, P.J. Appeal from an order of the Family Court of Montgomery County (Jung, J.), entered April 22, 2002, which, in a proceeding pursuant to Family Ct Act article 8, denied respondent's motion to vacate a default order entered against him.

Respondent was served with a summons to appear in Family Court on January 31, 2002 to respond to a family offense petition. Prior to that service, a temporary order of protection had been issued. Thereafter, the court, on its own initiative, changed the initial appearance date to February 11, 2002 and notified the parties. Respondent retained counsel who, although available to appear on January 31, 2002, had a calendar conflict on February 11, 2002. On February 8, 2002, respondent's counsel delivered a letter to Family Court requesting an adjournment until February 19, 2002 due to the conflict. At that time, the Chief Clerk indicated that the letter was placed on the judge's desk. Unfortunately, no further communication between counsel and the court was initiated by anyone concerning the requested adjournment prior to the scheduled appearance.

Thereafter, the preliminary proceeding was held on February 11, 2002 and neither respondent nor his counsel appeared. Respondent was declared in default and Family Court converted the temporary order of protection into a permanent order of protection. Respondent moved to vacate the order and Family Court denied that motion, holding that respondent had not presented a reasonable excuse or meritorious defense as required

---

by CPLR 5015 (a) (1). The court noted, inter alia, that, in requesting an adjournment, respondent's counsel failed to comply with the appropriate Rules of the Chief Administrator (*see* 22 NYCRR 125.1). This appeal ensued.

Respondent contends that Family Court abused its discretion in denying his motion to vacate the default judgment because his counsel sought an adjournment in good faith (*see e.g. Matter of Martin v Martin,* 239 AD2d 698, 699 [1997]; *All States Med. Placement Agency v Kripke,* 223 AD2d 953, 954 [1996]; *cf. Maiello v Chrysler Corp.,* 150 AD2d 849, 850 [1989], *appeal dismissed* 74 NY2d 945 [1989]). Assuming respondent's argument is correct, we cannot overlook the fact that the permanent order of protection expired by its own terms on February 10, 2003 and, therefore, any issue relating to the propriety of that underlying order is now moot (*see Matter of Hanehan v Hanehan,* 260 AD2d 685, 686 [1999]; *Matter of Dean v Dean,* 208 AD2d 1030, 1031 [1994]; *Matter of Jafri v Jafri,* 203 AD2d 648, 648 [1994], *lv denied* 84 NY2d 806 [1994]). Under the circumstances, the appeal must be dismissed (*see Matter of Joseph v Joseph,* 203 AD2d 572 [1994]). While respondent maintains that the matter is not moot because he was prejudiced or stigmatized by the issuance of the order of protection (*cf. Matter of Brown v Brown,* 185 AD2d 812 [1992]; *Matter of McClure v McClure,* 176 AD2d 325, 326 [1991]), we cannot agree given the absence of adverse findings in that order.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.