■ In the Matter of MARIELLA MAYORCA-PICCOLO, Appellant, v STEPHEN J. PICCOLO JR., Respondent. [827 NYS2d 891]—

Carpinello, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered May 23, 2005, which, in a proceeding pursuant to Family Ct Act article 8, denied petitioner's motion to vacate an order of protection.

Petitioner filed a family offense petition against respondent seeking an order of protection following an incident wherein he menaced and harassed her. At a hearing on this petition, a settlement was negotiated whereby, among other things, respondent agreed to have an order of protection entered against him and petitioner agreed to vacate the marital residence. At no time did respondent seek an order of protection against petitioner or remotely suggest that such relief was needed. Nor did petitioner ever consent to an order of protection being entered against her.

Notwithstanding, mutual orders of protection were thereafter issued, prompting petitioner to make a motion to vacate the order entered against her. Family Court denied the motion on the ground that petitioner consented to the order. The record, however, does not support this finding. On appeal, petitioner argues that her due process rights were violated when Family Court issued the order of protection against her in the absence of a request for the order, a judicial finding that such order was warranted or her consent thereto (*see* Family Ct Act § 154-c [3]). She thus seeks reversal of Family Court's denial of her motion to vacate.

While we agree that Family Court erred in issuing the underlying order of protection against petitioner, that order has since expired. "[T]herefore, any issue relating to the propriety of that underlying order is now moot" (*Matter of Schreiber v Schreiber*, 2 AD3d 1094, 1095 [2003]; *see e.g. Matter of Kali-Ann E.*, 27 AD3d 796, 797 n [2006], *lv denied* 7 NY3d 704 [2006]; *Matter of Cadejah AA.*, 25 AD3d 1027, 1028-1029 [2006], *lv denied* 7 NY3d 705 [2006]; *Matter of Prehna v Prehna*, 24 AD3d 917 [2005]; *Matter of Noor v Noor*, 15 AD3d 788 [2005]). We are also not persuaded that petitioner might suffer some type of

permanent stigma as a result of the order since Family Court never adjudged that she committed a family offense (*see Matter of Schreiber v Schreiber, supra; compare Matter of Bickwid v Deutsch,* 87 NY2d 862, 863 [1995]; *Matter of Williams v Cornelius,* 76 NY2d 542, 546 [1990]; *Matter of Wissink v Wissink,* 13 AD3d 461, 462 [2004]). Petitioner's remaining arguments in support of her claim that an exception to the mootness doctrine exists have been considered and found to be unpersuasive.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.