■ In the Matter of George R. Stalker Jr., Respondent, v Ivy M. Stalker, Appellant. (And Two Other Related Proceedings.) [932 NYS2d 202]—

McCarthy, J.

A 2008 order granted the parties joint legal custody of their three children (born in 2002, 2003 and 2005), with primary residential custody to respondent (hereinafter the mother) and visitation to petitioner (hereinafter the father) on alternating weekends and other times as agreed upon. By order to show cause signed by Family Court in August 2009, the father commenced a proceeding to modify the custody and visitation order. The order to show cause ordered that the mother keep the children away from her paramour. The parties thereafter filed petitions, amended petitions, and cross petitions. After a hearing, the court awarded the father sole legal and residential custody, with supervised visitation to the mother. The mother appeals.

Family Court had the authority to issue the temporary order of protection. Upon the filing of any petition under Family Ct Act article 6, the court may, "for good cause shown," issue a

"restrictions of no more than four hours of keyboarding and one and a half hours of pagination" per day.

temporary order of protection even without a request by any party for such an order (Family Ct Act § 655 [a]; *see Matter of Morse v Brown*, 298 AD2d 656, 657 [2002]). Such a temporary order may contain any provisions authorized upon the making of an order of protection pursuant to Family Ct Act § 656, which lists the conditions to be observed (*see* Family Ct Act § 655 [a]). But, in issuing such a temporary order, the court is not required to follow all of the ordinary procedural requirements for the issuance of an order of protection (*see* Family Ct Act § 154-c [3]).

Here, in the father's petition to modify a prior custody order, he alleged that the mother and children were living with her paramour, who was a drug abuser. In the order to show cause, Family Court reasonably included a provision temporarily requiring the mother to keep the children away from this alleged drug abuser. The mother was required to comply with the temporary order, even if she believed that it was erroneously issued, because the court had jurisdiction over the custody matter and the order was not void on its face (*cf. People v Malone*, 3 AD3d 795, 797 [2004], *lv denied* 2 NY3d 763 [2004]). In any event, the court did not find her in contempt for violating the order by continuing to allow her paramour to be around the children, nor did the court issue an order finding that she violated the provisions of the temporary order. The court merely considered her behavior in contravention of the court order— despite her awareness of that order—as one factor in determining that the prior custody order should be modified and that the children's best interests would be served by granting custody to the father.

The mother also argues that modification of the prior order was not warranted and that her visitation should not be supervised. These arguments were rendered moot when the parties stipulated to a consent order in November 2010 providing for sole legal custody to the father and a schedule of unsupervised visitation for the mother (*see Matter of Yishak v Ashera*, 68 AD3d 1282, 1284 [2009]; *see also Matter of Alexander K. [Jennifer N.]*, 77 AD3d 1023, 1024 [2010]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.