*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 7, 2016                    518880
_____

In the Matter of DANIEL W.,
                    Respondent,

         v                                    MEMORANDUM AND ORDER

KIMBERLY W.,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:   November 24, 2015

Before:   Garry, J.P., Rose, Lynch, Devine and Clark, JJ.

_____

        Justin C. Brusgul, Voorheesville, for appellant.

        Daniel W., Clifton Park, respondent pro se.

_____

Clark, J.

        Appeal from an order of the Family Court of Saratoga County
(Hall, J.), entered April 16, 2014, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 8, for an order of protection.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the divorced parents of three sons
(born in 1998, 1999 and 2002).  On December 23, 2013, the father
filed a family offense petition against the mother, followed by
an amended petition, seeking, among other things, an order of
protection.  The father's petition, as amended, alleged that the
mother committed the offenses of harassment and menacing, when,
on December 20, 2013, she and her boyfriend interfered with the
father's custodial time with the children, during which incident

the boyfriend exhibited menacing behavior toward the father. On the same day, the mother filed her own family offense petition against the father, also seeking an order of protection, among other relief. The mother alleged that the father committed the offenses of disorderly conduct and harassment when, on December 20, 2013, he approached her car and confronted and threatened her. A temporary order of protection was entered against the father directing him to refrain from offensive conduct against the mother. After several court appearances on the parties' petitions, Family Court, on its own motion and over the mother's continuous objections indicating that she would not consent to mutual orders of protection containing certain terms unrelated to the allegations set forth in the father's petition, entered mutual two-year orders of protection. The mother now appeals from the order of protection issued against her.

We reverse and vacate the subject order of protection. Initially, the order of protection issued against the mother states that it was entered "[o]n [her c]onsent." However, a review of the record reveals that the mother did not consent to the order because it contained the terms to which she had strenuously objected. In particular, during the initial appearance, Family Court denied the father's request for a temporary order of protection against the mother, continued the temporary order of protection against the father, and adjourned the proceeding to allow the parties to secure counsel. When the case resumed on April 8, 2014, Family Court indicated that, after having an off-the-record discussion with the parties' attorneys, it was going to resolve the petitions by issuing reciprocal orders of protection that would mirror each other. The court further indicated that the mutual orders of protection would direct each party to refrain from offensive conduct against each other, that the order of protection entered against the mother would also include a prohibition against the presence of her boyfriend at the transfers of the children, and that such orders would last for two years.

After an exchange of proposals by the parties' counsel, the mother, in a letter dated April 15, 2014, objected to several terms of the father's proposed orders of protection. In particular, the mother stated, among other things, that she had

requested simple mutual "refrain from" orders of protection, without several other restrictions proposed by the father, and objected to being made responsible for ensuring that her boyfriend stay at least 25 feet away from the father while in a public place or at a public event because the father's family offense petition did not allege any tensions between the parties at public activities or public events. The mother resumed these objections at the appearance held on April 15, 2014, indicating that she did not agree with the orders containing such terms; however, Family Court overruled her objections and entered mutual orders of protection on its own motion. Therefore, this is not a case where a party cannot appeal from an order entered on his or her consent (see generally Matter of Mayorca-Piccolo v Piccolo, 37 AD3d 913, 913 [2007], lv dismissed 8 NY3d 994 [2007]; compare Matter of Ras v Rupp, 295 AD2d 892, 893 [2002]).

Turning to the merits, Family Ct Act § 154-c (3) provides, in relevant part: "No order of protection may direct any party to observe conditions of behavior unless: (i) the party requesting the order of protection has served and filed a petition or counter-claim in accordance with article four, five, six or eight of this act and, (ii) the court has made a finding on the record that such party is entitled to issuance of the order of protection which may result from a judicial finding of fact, judicial acceptance of an admission by the party against whom the order was issued or judicial finding that the party against whom the order is issued has given knowing, intelligent and voluntary consent to its issuance" (emphasis added). Although a Family Court can issue a temporary order of protection on its own motion and, in so doing, it would "not [be] required to follow all of the ordinary procedural requirements" (Matter of Stalker v Stalker, 88 AD3d 1177, 1177-1178 [2011]; see Family Ct Act § 828 [1] [a]), where, as here, the court enters a final order of protection, it is required to observe the procedural steps set forth in Family Ct Act § 154-c (3) (see generally Matter of Mayorca-Piccolo v Piccolo, 37 AD3d at 913). Indeed, Family Ct Act § 154-c (3) was amended in 1998 "to incorporate, explicitly, federal minimum due-process requirements regarding judicial findings as a prerequisite to issuing orders of protection, to ensure that such orders are given full faith and credit by courts of other jurisdictions" (1 NY Law of Domestic Violence § 3:50;

see L 1998, ch 597, § 5; 18 USC §§ 2265, 2266).

Here, although there was an exchange of proposed terms for mutual orders of protection, the mother clearly indicated that she did not consent to the orders containing the terms that Family Court ultimately adopted on its own motion or admit any pertinent allegations set forth in the father's family offense petition (see generally Matter of Mayorca-Piccolo v Piccolo, 37 AD3d at 913). Nor did Family Court conduct an examination of the factual basis of the parties' family offense petitions or make a finding that the terms objected to by the mother were "reasonably necessary" to protect the parties or their children (Matter of Gil v Gil, 55 AD3d 1024, 1025 [2008]; see Family Ct Act § 842).[1] Accordingly, because Family Court failed to follow the procedural mandates of Family Ct Act § 154-c (3) (ii) in issuing the challenged two-year order of protection against the mother, the subject order should be vacated.

Garry, J.P., Rose, Lynch and Devine, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and order of protection vacated.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] Notably, the father does not dispute that the order of protection entered against the mother contained certain terms to which she had never consented.