# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**147**

**CAF 14-02133**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF DANIEL T. HILL,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

VICKI L. TROJNOR, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

MAUREEN N. POLEN, ROCHESTER, FOR RESPONDENT-APPELLANT.

JAMES A. LEONE, ATTORNEY FOR THE CHILD, AUBURN.

LISA A. BLAIR, ATTORNEY FOR THE CHILD, AUBURN.

---------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Cayuga County (Mark H. Fandrich, A.J.), entered September 15, 2014 in a proceeding pursuant to Family Court Act article 8. The order granted an order of protection against respondent.

It is hereby ORDERED that the order so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law without costs and the petition is dismissed.

Memorandum: In appeal No. 1, respondent mother appeals from a two-year order of protection issued pursuant to Family Court Act article 8. The mother correctly concedes that her challenges to the order are not preserved for our review (*see* CPLR 4017), but we exercise our power to review those challenges as a matter of discretion in the interest of justice (*see generally Matter of Commissioner of Social Servs. v Turner*, 99 AD3d 1244, 1245). We agree with the mother that Family Court erred in issuing an order of protection without adhering to the procedural requirements of Family Court Act § 154-c (3) (*see Matter of Daniel W. v Kimberly W.*, 135 AD3d 1000, 1002), inasmuch as the court did not make a finding of fact that petitioner father was entitled to an order of protection based upon "a judicial finding of fact, judicial acceptance of an admission by [the mother] or judicial finding that the [mother] has given knowing, intelligent and voluntary consent to its issuance" (§ 154-c [3] [ii]; *see Daniel W.*, 135 AD3d at 1002). On the merits, moreover, the evidence was insufficient to establish any of the family offenses alleged in the petition, and thus the petition should have been dismissed on that ground (*see Matter of Tauriello v Thompson*, 84 AD3d 824, 825; *Matter of London v Blazer*, 2 AD3d 860, 861).

In appeal No. 2, the mother appeals from an order granting the father's amended petition to modify the custody and visitation provisions of the divorce judgment and subsequent order of custody and visitation.  Contrary to the mother's contention, we conclude that there is a sound and substantial basis in the record for the court's determination that there had been "a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]" (*Matter of Chrysler v Fabian*, 66 AD3d 1446, 1447, *lv denied* 13 NY3d 715 [internal quotation marks omitted]).  At a minimum, the evidence concerning the parties' acrimonious relationship established that joint custody was no longer appropriate (*see Matter of Betro v Carbone*, 50 AD3d 1583, 1584).  In addition, evidence of the mother's efforts to alienate the children from the father and her unstable and erratic behavior support the award of physical custody to the father (*see generally Sheridan v Sheridan*, 129 AD3d 1567, 1568).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court