Matter of Sicina v Gorish (2022 NY Slip Op 05535)

Matter of Sicina v Gorish

2022 NY Slip Op 05535

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-07126
 (Docket No. O-2840-20/21A)

[*1]In the Matter of Kristen Sicina, respondent,
v
Otto Gorish, appellant.

Sonnenfeld & Richman, LLP, New York, NY (Judith R. Richman of counsel), for appellant.
Rametta & Rametta, LLC, Goshen, NY (Robert M. Rametta of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Otto Gorish appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated September 7, 2021. The order, insofar as appealed from, after a hearing, granted the petition alleging that Otto Gorish willfully violated an order of protection previously issued on October 15, 2020, extended the order of protection until September 7, 2023, and directed Otto Gorish to pay counsel fees in the sum of $1,000 to the petitioner.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing Otto Gorish to pay counsel fees in the sum of $1,000 to the petitioner; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
On August 21, 2020, the petitioner filed a family offense petition pursuant to Family Court Act article 8, alleging that her ex-boyfriend, Otto Gorish, committed the family offenses of harassment in the second degree, aggravated harassment in the second degree, and forcible touching. On October 15, 2020, the Family Court entered an order of protection directing Gorish to, inter alia, stay away from the petitioner's home by 1,000 feet. On February 23, 2021, the petitioner filed a petition alleging that Gorish violated the order of protection. The Family Court conducted a hearing at which the petitioner presented, among other things, evidence that Gorish was within 1,000 feet of the petitioner's home with a friend on November 5, 2020, and with Gorish's son and nephew on November 10, 2020. In an order dated September 7, 2021, the Family Court, inter alia, found that Gorish had willfully violated the order of protection and granted the violation petition in its entirety. The court also extended the order of protection until September 7, 2023, and directed Gorish to pay counsel fees to the petitioner in the sum of $1,000. Gorish appeals.
"To establish a willful violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Quattrochi v Negri, 187 AD3d 921, 922 [internal quotation marks omitted]; see Matter of Savas v Bruen, 139 AD3d 737, 739). "The determination as to whether a violation of a lawful order has been committed is a factual issue to be resolved by the hearing court, whose determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record" (Matter of Lashlee v Lashlee, 161 AD3d 866, 867; see Matter of Jacobs v Jacobs, 167 AD3d 890, 891). Here, the Family Court's determination that Gorish willfully violated the order of [*2]protection was supported by clear and convincing evidence in the record.
Family Court Act § 846-a authorizes the court to enter a new order of protection "if, after hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order" (see Matter of Lisa T. v King E.T., 30 NY3d 548, 553). Contrary to Gorish's contention, "conduct constituting a violation of the order of protection need not necessarily constitute a separate family offense in order for the court to have jurisdiction over the violation" (Matter of Lisa T. v King E.T., 30 NY3d at 553; see Matter of Solomon v Fishman, 162 AD3d 1051, 1052; Matter of Santiago v Santiago, 158 AD3d 772, 773).
Under Family Court Act § 846-a, the court "may order the respondent to pay the petitioner's reasonable and necessary counsel fees in connection with the violation petition where the court finds that the violation of its order was willful." "The award of counsel fees is committed to the discretion of the Family Court" (Matter of Christy v Christy, 182 AD3d 596, 596; see Matter of Savas v Bruen, 139 AD3d at 739). "[T]he reasonable amount and nature of the claimed services must be established at an adversarial hearing" (Matter of Rogers v Rogers, 161 AD2d 766, 767; see Price v Price, 115 AD2d 530). Here, while the Family Court providently exercised its discretion in awarding counsel fees to the petitioner, the court erred in determining the amount of the counsel fees without a hearing. Accordingly, we remit the matter to the Family Court, Orange County, for a hearing to determine the amount of reasonable and necessary counsel fees the petitioner incurred in connection with her violation petition and the entry of an appropriate order thereafter.
Gorish's remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court