Matter of Omelime v Odudukudu (2023 NY Slip Op 06140)

Matter of Omelime v Odudukudu

2023 NY Slip Op 06140

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-04863
 (Docket No. O-64-19/19A)

[*1]In the Matter of Eugenia E. Omelime, respondent,
v
Martin O. Odudukudu, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Daniel P. Schumeister of counsel), for appellant, and appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Martin O. Odudukudu appeals from an order of protection of the Supreme Court, Nassau County (IDV Part) (Elizabeth Fox-McDonough, J.), dated May 10, 2022. The order of protection, upon a finding that Martin O. Odudukudu violated a prior order of protection dated January 2, 2019, made after a fact-finding hearing, directed him, inter alia, to stay away from the petitioner for a period up to and including May 9, 2024.
ORDERED that the order of protection dated May 10, 2022, is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant. After a fact-finding hearing, the Supreme Court found that the appellant had violated a prior order of protection dated January 2, 2019, which directed him to refrain from committing certain family offenses against the petitioner. Based upon that finding, the court issued an order of protection dated May 10, 2022, directing the appellant, inter alia, to stay away from the petitioner for a period up to and including May 9, 2024.
In granting or denying a petition for an order of protection, the court must state the facts deemed essential to its determination (see CPLR 4213[b]; Matter of Sealy v Peart, 215 AD3d 971, 972). "Remittal is not necessary, however, where the record is sufficient for this Court to conduct an independent review of the evidence" (Matter of Sealy v Peart, 215 AD3d at 972; see Matter of Deepti v Kaushik, 126 AD3d 790, 790). Here, although the Supreme Court failed to state on the record the facts deemed essential to its determination, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Deepti v Kaushik, 126 AD3d at 790).
Family Court Act § 846-a authorizes a court to enter a new order of protection "if, after hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order" (see Matter of Lisa T. v King E.T., 30 NY3d 548, 553; Mater of Sicina v Gorish, 209 AD3d 658, 659). "To establish a willful violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Sicina v Gorish, 209 AD3d at 658 [internal quotation marks omitted]; see Matter of Quattrochi v Negri, 187 AD3d 921, 922).
Based upon our independent review, we find that the petitioner established by clear and convincing evidence that the appellant wilfully violated the order of protection in her favor dated January 2, 2019, by committing the family offense of harassment in the second degree, warranting the issuance of the order of protection dated May 10, 2022 (see Family Ct Act §§ 842, 846-a; Penal Law § 240.26).
The appellant's remaining contentions, including those raised in his pro se supplemental brief, are either not properly before this Court or without merit.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court