Matter of Acker v Teneyck (2024 NY Slip Op 03043)

Matter of Acker v Teneyck

2024 NY Slip Op 03043

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-10203
 (Docket No. O-1743-23)

[*1]In the Matter of Jahi N. Acker, etc., respondent,
v
Samantha R. Teneyck, appellant.

Ilene Kim Graff, New City, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the mother appeals from an order of protection of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated September 20, 2023. The order of protection, without a hearing, in effect, granted that branch of the father's petition which was for an order of protection and directed the mother, inter alia, to stay away from the father and the parties' child, except for court-ordered parental access with the child, until and including September 20, 2025.
ORDERED that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for a hearing on the father's petition, before a different Judge, to be conducted with all deliberate speed, and a new determination thereafter; and it is further,
ORDERED that pending the hearing and determination of the petition, the order of protection shall remain in effect as a temporary order of protection.
The parties, who were never married, are the parents of a child born in 2017. In June 2023, the father commenced this family offense proceeding against the mother, seeking, among other things, an order of protection in favor of him and the child. On September 20, 2023, the parties appeared for a conference, inter alia, on the father's petition. That same day, the Family Court, without conducting a hearing, issued an order of protection, in effect, granting that branch of the father's petition which was for an order of protection and directing the mother, among other things, to stay away from the father and the child, except for court-ordered parental access with the child, until and including September 20, 2025. The mother appeals.
"A family offense proceeding is commenced by the filing of a petition alleging the commission of a family offense between parties with the requisite familial relationship, and the petition typically seeks an order of protection" (Matter of Lisa T. v King E.T., 30 NY3d 548, 551-552). Indeed, a "petitioner's primary goal in filing a family offense petition is almost always the securing of an order of protection" (Merril Sobie, Prac Commentaries, McKinney's Cons Law of NY, Family Ct Act § 842). However, pursuant to Family Court Act § 154-c(3)(ii), a court may not issue an "order of protection . . . direct[ing] any party to observe conditions of behavior unless," inter alia, it "has made a finding on the record that [the party requesting the order of protection] is entitled to issuance of the order." Such a finding on the record "may result from a judicial finding of fact, judicial acceptance of an admission by the party against whom the order was issued[,] or judicial [*2]finding that the party against whom the order is issued has given knowing, intelligent[,] and voluntary consent to its issuance" (id.; see Matter of Hill v Trojnor, 137 AD3d 1671, 1672; Matter of Daniel W. v Kimberly W., 135 AD3d 1000, 1001-1002). Therefore, absent circumstances where the alleged offending party admits that he or she committed the claimed family offense or consents to the issuance of an order of protection, a Family Court generally must hold a fact-finding hearing before issuing such an order (see Family Ct Act §§ 154-c[3], 812[1]; 832, 834, 841, 842; Matter of Figueroa v Figueroa, 214 AD3d 868, 868-869; Matter of Alfeo v Alfeo, 306 AD2d 471, 471).
At the hearing, "the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Moran v Lane, 218 AD3d 687, 688 [internal quotation marks omitted]; see Family Ct Act §§ 821[1]; 832; Matter of Sealy v Peart, 215 AD3d 971, 972). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, whose determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record" (Matter of Blamoville v Culbertson, 151 AD3d 1058, 1059-1060). Moreover, "[i]n granting or denying a petition for an order of protection, the court must state the facts deemed essential to its determination" (Matter of Omelime v Odudukudu, 221 AD3d 1012, 1013). But, if the court fails to do so, "[r]emittal is not necessary . . . where the record is sufficient for this Court to conduct an independent review of the evidence" on appeal (id. [internal quotation marks omitted]). Finally, "[a]lthough a Family Court can issue a temporary order of protection on its own motion and, in so doing, it [is] not . . . required to follow all of the ordinary procedural requirements" of Family Ct Act § 154-c(3), the court "is required to observe th[ose] procedural steps" when issuing "a final order of protection" (Matter of Daniel W. v Kimberly W., 135 AD3d at 1002 [internal quotation marks omitted]).
Here, the Family Court improperly issued an order of protection directing the mother, inter alia, to stay away from the father and the child for a period of two years, except for court-ordered parental access with the child. Upon expressing dissatisfaction with the mother's behavior at the September 2023 conference, the court initially signaled an intent to issue a temporary order of protection. It then changed course and chose to issue an order of protection that it described as "permanent" and that would last "two years." However, the court did so without holding a fact-finding hearing to determine whether the mother committed the family offenses alleged in the father's petition. Nor did it obtain an admission from the mother that she committed such family offenses or secure her consent to the issuance of the order of protection. The court therefore failed "to observe the procedural steps set forth in Family Ct Act § 154-c(3)" before issuing that order (id.; see Matter of Hill v Trojnor, 137 AD3d at 1672). Moreover, since a fact-finding hearing was not held and the court otherwise rendered its determination without receiving any evidence demonstrating that the mother committed the alleged family offenses, the record is not sufficient for this Court to render an independent determination on that question (see Matter of Sealy v Peart, 215 AD3d at 971; cf. Matter of Georgiou-Ely v Ely, 194 AD3d 715, 716).
Accordingly, we reverse the order of protection dated September 20, 2023, and remit the matter to the Family Court, Rockland County, to conduct a hearing on the father's petition, to be held with all convenient speed, and to issue a new determination thereafter (see Matter of Luke v Erskine, 222 AD3d 868, 873). In addition, we deem it appropriate to remit the matter for further proceedings before a different Judge (see Matter of David v LoPresti, 176 AD3d 701, 704; Matter of Czop v Czop, 21 AD3d 958, 959-960) and for the order of protection to remain in effect pending the new determination (see Matter of Riordan v Riordan, 151 AD3d 975, 975; Matter of Spooner-Boyke v Charles, 126 AD3d 907, 908).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court