Matter of Dixon v Dixon (2024 NY Slip Op 06337)

Matter of Dixon v Dixon

2024 NY Slip Op 06337

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-12280 
2023-12281
 (Docket No. O-1662-22/23A)

[*1]In the Matter of David Dixon, etc., respondent,
v
Howard Dixon, appellant.

Lauri Gennusa, Laurelton, NY, for appellant.
Kyle Sosebee, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Howard Dixon appeals from (1) an order of fact-finding and disposition of the Family Court, Queens County (Adetokunbo O. Fasanya, J.), dated November 15, 2023, and (2) an order of protection of the same court also dated November 15, 2023. The order of fact-finding and disposition, after a hearing, found that Howard Dixon willfully violated a temporary order of protection and directed him to comply with the terms set forth in the order of protection for a period not to exceed two years. The order of protection, inter alia, directed Howard Dixon to stay away from his mother unless permitted by the petitioner.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
In January 2022, this family offense proceeding was commenced against Howard Dixon (hereinafter the appellant) on behalf of the appellant's elderly mother. In September 2023, the Family Court issued a temporary order of protection, which provided, inter alia, that the appellant was required to schedule visits with his mother at least 48 hours in advance and that weekly visits with his mother were subject to the consent of his mother or his brother. In October 2023, a violation petition was filed against the appellant alleging that he violated the temporary order of protection when he took his mother to a dental appointment arranged by him without consent. After a hearing, the court, in an order of fact-finding and disposition, found that the appellant willfully violated the temporary order of protection and directed the appellant to comply with the terms set forth in an order of protection for a period not to exceed two years. The court issued an order of protection, inter alia, directing the appellant to stay away from his mother unless permitted by the appellant's brother. These appeals ensued.
Pursuant to Family Court Act § 821-a(3)(c), "where a respondent voluntarily appears before the court after such summons or warrant has been issued, the court shall . . . provide the respondent with a copy of such petition." Here, the appellant was properly served in open court pursuant to the requirements of Family Court Act § 821-a(3)(c), as the appellant was served after a summons was issued and he had voluntarily appeared before the Family Court.
Pursuant to Family Court Act § 846-a, if a respondent is alleged to have violated a [*2]temporary order of protection, and "after hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order, the court may modify an existing order or temporary order of protection to add reasonable conditions of behavior to the existing order, [or] make a new order of protection" (see Matter of Omelime v Odudukudu, 221 AD3d 1012, 1013; Matter of Sicina v Gorish, 209 AD3d 658, 659). "'To establish a willful violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence'" (Matter of Omelime v Odudukudu, 221 AD3d at 1013, quoting Matter of Sicina v Gorish, 209 AD3d at 658; see Matter of Koska v Koska, 226 AD3d 780, 781). "To establish that a party had knowledge of the order, the evidence must show that he or she was made aware, either orally or in writing, of the substance of the order and the conduct it prohibited" (Matter of Angel P.H. [Angel P.Q.], 223 AD3d 808, 809-810). Here, contrary to the appellant's contention, the evidence adduced at the hearing, including the appellant's own testimony, was sufficient to establish that he willfully violated the temporary order of protection.
The appellant's contention that judicial bias deprived him of a fair hearing is unpreserved for appellate review (see Matter of Siegell v Iqbal, 181 AD3d 951, 952; Shelley v South Shore Healthcare, 123 AD3d 797, 798), and, in any event, is without merit as the record does not support the appellant's contention (see People v Ramjattan, 219 AD3d 1348, 1352; People v Morrow, 172 AD3d 905, 906).
The appellant's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Family Court properly found that the appellant willfully violated the temporary order of protection.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court