Matter of Snow v Snow (2025 NY Slip Op 02591)

Matter of Snow v Snow

2025 NY Slip Op 02591

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2024-10352
 (Docket No. O-11484-23/24A)

[*1]In the Matter of Michael Snow, appellant,
v
Gay Snow, respondent.

Law Offices of Howard B. Felcher, PLLC (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Garr Silpe, P.C., New York, NY (Steven M. Silpe and Lindsay Miller of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Suffolk County (Cheryl M. Helfer, Ct. Atty. Ref.), dated August 29, 2024. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The parties were married in 1995. The respondent commenced an action for a divorce in California in April 2023, and the petitioner filed an action for a divorce in New York in May 2023. In July 2023, the petitioner commenced a family offense proceeding in the Family Court, Suffolk County, alleging, inter alia, that the respondent committed the family offenses of harassment and aggravated harassment by falsely advising the Federal Bureau of Investigations that the petitioner had child pornography on his computer. On July 31, 2023, the court issued a temporary order of protection directing the respondent to, among other things, refrain from "remotely controlling, monitoring or otherwise interfering with any electronic device or [the petitioner's] personal computer or other object affecting the home, vehicle or property of [the petitioner] by connection through any means, including, but not limited to, the internet, Bluetooth, a wired or wireless network, or other wireless technology" (hereinafter the order of protection).
In May 2024, the petitioner filed the subject petition alleging that the respondent violated the order of protection by, inter alia, remotely accessing investment accounts through an investor portal without his authority or consent and providing the financial information contained therein to her attorney for use in the California divorce action. In an order dated August 29, 2024, made after a hearing, the Family Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"'To establish a willful violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence'" (Matter of Omelime v Odudukudu, 221 AD3d 1012, 1013, quoting Matter of Sicina v Gorish, 209 AD3d 658, 658). "'The [petitioner] must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had [*2]knowledge of its terms, and (3) the [petitioner] was prejudiced by the offending conduct'" (Matter of Morales v Diaz, 233 AD3d 1033, 1038, quoting Matter of Freeborn v Elco, 188 AD3d 677, 680 [internal quotation marks omitted]). Here, contrary to the petitioner's contention, he failed to demonstrate, by clear and convincing evidence, that the respondent violated a clear and unequivocal mandate contained in the order of protection (see Matter of Marotta v Marotta, 218 AD3d 468, 470; Matter of Brookover v Harris, 217 AD3d 1411, 1412; Matter of Wright v McIntosh, 125 AD3d 679, 680).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Family Court properly, in effect, denied the petition and dismissed the proceeding.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court