Matter of Golian v Golyan (2025 NY Slip Op 05237)

Matter of Golian v Golyan

2025 NY Slip Op 05237

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2024-03060
 (Docket No. O-7554-22)

[*1]In the Matter of Shirin Golian, respondent,
v
Hilda Yashaya Golyan, appellant.

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Jan Murphy, Huntington, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Hilda Yashaya Golyan appeals from an order of protection of the Family Court, Nassau County (Segal Blakeman, J.), dated March 19, 2024. The order of protection, upon a finding that Hilda Yashaya Golyan committed the family offenses of harassment in the second degree, stalking in the fourth degree, and disorderly conduct, made after a fact-finding hearing, directed her, inter alia, to refrain from assaulting, stalking, and harassing the petitioner until and including March 18, 2025.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In 2022, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against Hilda Yashaya Golyan (hereinafter the appellant), who was the petitioner's stepmother. After a fact-finding hearing, the Family Court determined that the appellant committed the family offenses of harassment in the second degree (Penal Law § 240.26), stalking in the fourth degree (id. § 120.45) and disorderly conduct (id. § 240.20) (see Family Ct Act § 812). The court issued an order of protection directing the appellant, inter alia, to refrain from assaulting, stalking, and harassing the petitioner until and including March 18, 2025. This appeal ensued.
Although the order of protection has expired by its own terms, the appeal from the order of protection has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Wiley v Wiley, 231 AD3d 841, 841).
"In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence" (Matter of Jeudy v Duroc, 237 AD3d 708, 708, citing Family Ct Act § 832 and Matter of Mattis v Walcott-Graham, 231 AD3d 1156). In granting or denying a petition for an order of protection, the court must state the facts deemed essential to its determination (see CPLR 4213[b]; Matter of Sealy v Peart, 215 AD3d 971, 972). Here, although the Family Court failed to state on the record the facts deemed essential to its determination, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Levay v Gurrera, 236 AD3d 1032, 1033, citing Matter of Omelime v Odudukudu, 221 AD3d 1012, 1013).
Upon this Court's independent review of the record, we conclude that the Family Court's finding that the appellant committed the family offenses of harassment in the second degree, stalking in the fourth degree, and disorderly conduct is supported by the record (see Matter of Jeudy v Duroc, 237 AD3d at 708-709, citing Matter of Wiley v Wiley, 231 AD3d at 842). The petitioner testified that in July 2022, she had asked the appellant to stop communicating with her. The petitioner further testified: (1) that after asking the appellant to stop communicating with her, the appellant followed the petitioner to a supermarket and threw a bottle of soda at her; (2) that the appellant came to the petitioner's place of business and pushed the petitioner; (3) that the appellant followed the petitioner to a public park and mocked the petitioner in front of other people by calling the petitioner a pig; and (4) that on the day following the incident in the park, the petitioner, after leaving her synagogue, found a key chain with a pig on it, which the petitioner had seen the appellant carrying, taped to the petitioner's car along with a note stating that pigs are dirty. The petitioner also testified that the appellant, in her distinctive handwriting, left other notes on the petitioner's car stating the names, addresses, and locations of places that the petitioner had visited, notwithstanding that the petitioner had not informed anyone that she had visited these places. Accordingly, a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offenses of harassment in the second degree, stalking in the fourth degree, and disorderly conduct, warranting the issuance of an order of protection (see Family Ct Act § 842[a]; Matter of Levay v Gurrera, 236 AD3d at 1033, Matter of Wiley v Wiley, 231 AD3d at 842).
The appellant's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court