■ THOMAS KILFEATHER et al., Respondents, v ASTORIA 31ST STREET ASSOCIATES et al., Defendants; CITY CONSTRUCTION MANAGEMENT, INC., Respondent, and ROSEN PLASTERING CORP., Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the defendant Rosen Plastering Corp. appeals, as limited by its brief, (1) from so much of a judgment of the Supreme Court, Queens County (Belfi, J.), dated December 8, 1987, as, after the liability phase of a bifurcated jury trial, (a) is in the plaintiffs' favor and against it, apportioning fault in the happening of the accident between it and the defendant City Construction Management, Inc., in the respective amounts of 70% and 30%, and (b) awards the defendant City Construction Management, Inc., judgment over against it pursuant to an indemnification clause of a contract between the appellant and the City of New York, and (2) from an order of the same court (Lerner, J.), dated January 7, 1988, which denied its motion for a stay of the trial on the issue of damages.

Ordered that the appeal from the order dated January 7, 1988, is dismissed, as withdrawn; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant-respondent is awarded one bill of costs payable by the appellant.

By contract dated July 25, 1983, between New York City Public Development Corp. (hereinafter PDC), as agent for New York City, and the appellant, the latter agreed to renovate and expand Astoria Studios, owned by the city. By a rider to the contract, the appellant agreed, "[t]o the fullest extent permitted by law", to indemnify and hold harmless, among others not including the PDC or the city, the "Construction Manager", in this case the defendant City Construction Management, Inc. (hereinafter CCM), against all claims and damages for bodily injury occurring in connection with or resulting from work on the project which might be imposed upon, incurred by or asserted against CCM "unless caused solely by [CCM']s negligence, gross negligence, recklessness or intentional infliction of harm".

The plaintiff Thomas Kilfeather (hereinafter the plaintiff), an employee of third-party defendant Astoria Studios, Inc., was injured while working at the construction site and sued, among others, the appellant and CCM on account of his injuries. Upon determining that the appellant and CCM were both guilty of negligence, the jury apportioned fault between these two defendants in the respective amounts of 70% and 30%. The Supreme Court then granted CCM's motion for judgment over against the appellant pursuant to the indemnity provision of the appellant's contract with PDC as agent for the city, thereby rejecting the appellant's argument that that contract provision was void because it was in violation of General Obligations Law § 5-322.1.

General Obligations Law § 5-322.1 prohibits and renders unenforceable any promise to hold harmless and indemnify a promisee which is a construction contractor or a landowner against its own negligence (cf., Quevedo v City of New York, 56 NY2d 150; DeFilippis Crane Serv. v Joannco Contr. Corp., 132 AD2d 517; see also, Quain v Buzzetta Constr. Corp., 69 NY2d 376). The language of the statute makes clear, however, that it was not intended to "preclude a promisee [from] requiring indemnification for damages * * * caused by or resulting from the negligence of a party other than the promisee" (General Obligations Law § 5-322.1 [1]) and there is nothing which suggests that indemnification for the negligence of another party is prohibited because the indemnification runs to that

party rather than to the promisee *(cf., Magrath v Migliore Constr. Co.,* 139 AD2d 893, 894). The appellant is therefore required to honor its contractual obligation to the extent that the contract requires indemnification caused by or resulting from the negligence of a party other than the city or its agents, provided that the actions of the offending party were not the sole cause of the damage *(see, DeFilippis Crane Serv. v Joannco Contr. Corp., supra; cf., Quevedo v City of New York, supra).* Because CCM was not the promisee and was only partially at fault for the plaintiff's injuries, judgment over against the appellant pursuant to the indemnification provision of the appellant's contract with PDC as agent for the city was proper. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.