OPINION OF THE COURT
Martin B. Stecher, J.
Third-party defendant, Gotham Construction Corporation, moves for judgment, under a written indemnification agreement, against defendant, Woodworks Construction Company.
Gotham was the construction manager of a building project in Manhattan. As agent for the owner, 128 Eighth Avenue Associates, it entered into a contract with Woodworks for the latter to perform certain carpentry work.
The contract obligated Woodworks, the carpentry company, "to the fullest extent permitted by law * * * [to] hold harmless the Owner, the Architect, the Construction Manager, and their agents and employees from and against all claims (for personal injury) * * * arising out of or resulting from the performance of the Work * * * caused in whole or in part by any negligent act of’ Woodworks.
The plaintiff, an employee of Gotham, the construction manager, was injured in an on-site accident. The jury found both Gotham and Woodworks negligent, assessing 40% of culpability against Gotham and 60% against Woodworks.
Woodworks relies on General Obligations Law § 5-322.1 to defeat the motion. That statute renders a construction contract "void and unenforceable” to the extent it purports to "hold harmless the promisee against liability for damage arising out of bodily injury * * * contributed to, caused by or resulting from the negligence of the promisee * * * whether such negligence be in whole or in part”.
Both parties cite the same single case, Kilfeather v Astoria 31st St. Assocs. (156 AD2d 428), which held that a construction manager, similarly circumstanced to Gotham, could enforce an indemnification agreement between the owner (the promisee) and a subcontractor requiring the latter to indemnify the construction manager where both the subcontractor and construction manager were found by the jury to be at fault. The principal factual distinction between Kilfeather (supra) and this case is that in Kilfeather the agent who, on behalf of the owner, signed the contract containing the indemnification, was someone other than a construction manager or general contractor and was in no sense an indemnitee; whereas in the case at bar Gotham, the indemnitee, was the construction *157 manager and prepared and executed the agreement as agent of the owner, the promisee.
While superficially this case is indistinguishable from Kilfeather (supra), in that neither construction manager was the "promisee” of the indemnification agreement, to reach the Kilfeather result in this case defeats the plain meaning and intent of the statute: that one engaged in building construction should not, as a matter of public policy, be permitted to contract for exoneration or indemnification from liability for injuries which he, in whole or in part, causes. Had Gotham been a general contractor (whose duties are similar to a construction manager’s) who entered into this agreement in Gotham’s own name, with Woodworks as a subcontractor, there is no question that General Obligations Law § 5-322.1 would render Gotham’s indemnification void. Here, it is clear that Gotham prepared the contract and its terms — its name and address are part of the printed form, the other parties’ names and addresses being typewritten — indemnifying itself from the results of its own negligence. In this case, as distinguished from Kilfeather, the distinction between agent and promisee is illusory.
The conduct which the statute sought to bar was exactly what Gotham engaged in: contracting to be indemnified against its own culpability.
Accordingly, the motion is denied.