■ ROSARIA SPOTO, Respondent, v S.D.R. CONSTRUCTION, INC., Appellant, and R.M.T. ELECTRICAL CORP., Respondent. S.D.R.

CONSTRUCTION, INC., Third-Party Plaintiff-Appellant-Respondent, v CROSSLAND SAVINGS BANK, Third-Party Defendant-Respondent-Appellant. [641 NYS2d 20] —Judgment, Supreme Court, Kings County (Irving Aronin, J.), entered November 16, 1994, which, after a bifurcated jury trial, awarded plaintiff the principal sum of $1,400,000 and awarded defendant-appellant and third-party plaintiff S.D.R. Construction, Inc., a judgment over against third-party defendant Crossland Savings Bank in the principal sum of $630,000, unanimously reversed and vacated, on the law and the facts and in the exercise of discretion, without costs, and the matter remanded for a new trial, and the appeal from the order of the same court and Justice entered on or about April 21, 1994 is unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

Plaintiff's theory of recovery in this personal injury action was that the negligence of the defendants and third-party defendant proximately caused her to fall and injure her right knee in 1986 while working at a bank branch owned by third-party defendant Crossland Savings Bank (Crossland), and that the knee injury suffered as a result of that accident resulted in the chondromalacia or deterioration of the bone and/or cartilage in her knee and attendant instability, which caused plaintiff's second fall in January of 1990, which in turn resulted in the multiple fractures of plaintiff's right tibia and fibula with serious continuing complications and poor prognosis.

Initially, we find that the trial court properly denied dismissal of the third-party complaint. The contract between Crossland and S.D.R. Construction, Inc. (S.D.R.) contained provisions pursuant to which S.D.R. assumed responsibility for supervision of the construction and provided, *inter alia*, that S.D.R. would be responsible for all safety precautions, etc., in connection with the construction work and would "provide all reasonable protection to prevent damage injury or loss to (1) all employees on the work and other persons who may be affected thereby". The provisions clearly do not absolve Crossland from responsibility for damages and injuries attributable to its own negligence; to the extent that they would, the provisions would be unenforceable in any event (General Obligations Law § 5-322.1; *see, Kilfeather v Astoria 31st St. Assocs.*, 156 AD2d 428, 429-430). In the third-party action, S.D.R. Construction, Inc. sought to impose liability upon Crossland for its own negligence in the management of its own employees. There was sufficient evidence of such negligence and of constructive notice of the dangerous condition in question to

warrant denial of the motion to dismiss the third-party action. However, we reverse the judgment on other grounds as follows.

While the plaintiff's medical experts testified consistently that plaintiff's knee dysfunction or chondromalacia was a proximate cause of her 1990 fall, plaintiff's experts were equivocal at best with respect to the issue of whether plaintiff's chondromalacia, first diagnosed in 1988, was proximately caused by the 1986 accident at Crossland's bank branch. Moreover, all of the conclusions reached by plaintiff's medical experts were contradicted by the defendant's medical expert, who concluded that there was no relationship between the 1990 accident and the 1986 accident and no relationship between the chondromalacia and the 1990 injury.

It is well settled that conflicts in expert testimony present questions for the jury to resolve (*Banayan v Woolworth Co.*, 211 AD2d 591, 593; *Brotman v Biegeleisen*, 192 AD2d 410, *lv denied* 82 NY2d 654). Consequently, the evidence herein presented at least two questions for the jury to decide; one concerning whether the plaintiff's knee dysfunction or chondromalacia was a proximate cause of her 1990 injuries and the other concerning whether the plaintiff's 1986 fall was the proximate cause of the knee dysfunction. Submission of only the former question to the jury and denial of defendant's specific request to submit the latter was error.

The error was compounded by the trial court's apparently *sua sponte* determination to give a missing witness charge to the jury with respect to defendant's expert, Dr. Fishbaum. The record reflects that a request for a missing witness charge did not appear in plaintiff's written requests to charge, and it is not disputed that the issue did not arise until the trial court raised it on its own. It is well settled that the burden is on the party seeking the charge to promptly notify the court and request the charge (*see, People v Gonzalez*, 68 NY2d 424, 427-428). The reason for early notification is, in part, to allow the court to appropriately exercise its discretion and the parties to adjust trial strategy (*supra*). The prejudice to the defense in this case was compounded by the facts that the issue was raised by the court itself after any opportunity could be provided for the defense to prepare its strategy to deal with the negative inferences the charge occasioned and that Dr. Fishbaum was the defendant's only expert to examine the plaintiff after her 1990 fall. The defense was therefore severely hampered in its ability to defend against plaintiff's claim of damages as a result of the second fall.

In light of the reversal on these grounds, we need not review the other issues raised on the cross-appeals. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.