■ CHARLES STOTTLAR, Plaintiff, v GINSBURG DEVELOPMENT CORP. et al., Defendants and Third-Party Plaintiffs. STATE INSURANCE FUND, Third-Party Defendant-Appellant; CNA INSURANCE COMPANY, Third-Party Defendant-Respondent. [645 NYS2d

833] —In an action to recover damages for personal injuries, the fourth-party defendant State Insurance Fund appeals from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), dated March 1, 1995 which, on an agreed statement of facts submitted pursuant to CPLR 3222, is in favor of the third-party defendant fourth-party plaintiff declaring, *inter alia,* that the coverage of claims against the third-party defendant fourth-party plaintiff rests entirely with the State Insurance Fund.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that coverage of claims against the third-party defendant fourth-party plaintiff rests with both the State Insurance Fund and the Transcontinental Insurance Company (sued herein as CNA Insurance Company) as coinsurers.

On January 9, 1990, the plaintiff, an employee of W.C. Shopovick & Co., Inc. (hereinafter Shopovick), a carpentry subcontractor, fell and injured himself while working. Shopovick had been retained by the general contractor, Ginsburg Development Corp. (hereinafter GDC) pursuant to a written agreement dated March 20, 1989.

The plaintiff commenced suit against GDC to recover damages for his injuries. In turn, GDC impleaded Shopovick, alleging claims for both common law and contractual indemnification. Specifically, GDC sought to enforce a provision of the written agreement in which Shopovick agreed to "indemnify and hold harmless [GDC] * * * and [the] respective agents, officers and employees". The jury determined that the plaintiff was 15% at fault in the happening of the accident, GDC was 35% at fault, and Shopovick was 50% at fault.

According to the agreed statement of facts, on the date of the incident, Shopovick had in effect two insurance policies: (1) a Workers' Compensation and Employers' Liability policy with the State Insurance Fund (hereinafter the appellant) which provided coverage for "common-law or negligence-based liabilities for third party claims over" that arise from injury to an employee, and (2) a Comprehensive General Liability policy with the Transcontinental Insurance Company (sued herein as CNA Insurance Company) which provided contractual indemnity coverage.

Shopovick then commenced a fourth-party action for a judgment declaring that CNA Insurance Company and the appellant were obligated to indemnify Shopovick for any claims by GDC against it.

In a decision dated January 12, 1995, the Supreme Court

acknowledged that a contractual indemnification provision was enforceable in the absence of a finding of negligence on the part of the general contractor. However, the court found that the contractual indemnification claims in the present case were extinguished by the jury's finding of negligence. Accordingly, the court determined that coverage for Shopovick's liability rested entirely with the appellant pursuant to its Workers' Compensation policy. We disagree.

General Obligations Law § 5-322.1 prohibits and renders unenforceable any promise to hold harmless and indemnify a promisee who is a construction contractor or landowner for his or her own negligence *(see, Brown v Two Exch. Plaza Partners, 76 NY2d 172; Kilfeather v Astoria 31st St. Assocs., 156 AD2d 428, 429)*. The language of the statute makes clear, however, that it was not intended to "preclude a promisee [from] requiring indemnification for damages * * * caused by or resulting from the negligence of a party other than the promisee" (General Obligations Law § 5-322.1 [1], as amended by L 1993, ch 67) and there is nothing which suggests that indemnification for the negligence of a party other than the promisee is prohibited because the indemnification runs to that party rather than to the promisee *(Kilfeather v Astoria 31st St. Assocs., supra)*. CNA Insurance is therefore required to honor its contractual obligation to the extent that the contract requires indemnification caused by or resulting from the negligence of a party other than GDC or its agents, provided that the actions of the offending party were not the sole cause of the damage *(see, Severino v Schuyler Meadows Club, 225 AD2d 954; Kozerski v Deer Run Homeowners Assn., 217 AD2d 841)*. Accordingly, the contractual indemnification provision remains in effect, thereby rendering the appellant and CNA Insurance coinsurers. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.