■ Dominick V. Davanzo, et al., Respondents, v Frederick M. Fisher, D.D.S., Appellant. [758 NYS2d 49] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 7, 2002, which, after a jury trial, in this action

for dental malpractice, inter alia, awarded plaintiff Dominick Davanzo damages in the amount of $271,600, unanimously affirmed, without costs.

The trial court properly dismissed defendant's genetic predisposition defense at the conclusion of the defense case since there was no evidentiary basis for the defense. Although plaintiff testified that his mother had lost her teeth, there was no evidence that her tooth loss had been attributable to periodontal disease, a threshold necessity. Since the capacity of defendant's employee to provide material, noncumulative testimony respecting plaintiff's care and treatment while a patient in defendant's dental practice was conceded, and defendant did not, despite his employee's agreement to testify, make a diligent effort to secure her court appearance (*cf. People v Skaar*, 225 AD2d 824 [1996], *lv denied* 88 NY2d 854 [1996]), the court's delivery of a missing witness charge constituted a proper exercise of discretion (*see Spoto v S.D.R. Constr.*, 226 AD2d 202, 204 [1996]). The jury's pain and suffering award does not deviate materially from what is reasonable compensation under the circumstances (*see* CPLR 5501 [c]). We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.