McKeon, EJ. (dissenting).
Ida Mae Jones was an 84-year-old, nearly blind tenant of a Manhattan rent-controlled apartment for more than 35 years when landlord commenced this holdover proceeding seeking her eviction on alternative theories of illegal sublet and nonprimary residence.
At trial, Ms. Jones admitted that she spent several months each year in Georgia, caring for her former husband who was ill. However, she was steadfast in her position that she spent the majority of her time in New York. She also admitted that a nephew and a cousin lived in the subject apartment, although she denied that they paid rent.
After the close of all the evidence, landlord’s counsel, during closing argument, requested a missing witness charge based upon tenant’s failure to call her nephew and cousin as witnesses. A fair reading of the record supports the conclusion that the request was principally directed at the illegal sublet claim although reference is made by landlord’s lawyer to what “can be a nonprimary residence issue.”
The trial court did not rule on the request for a missing witness inference on the record, and tenant never called her nephew and cousin as witnesses. Thereafter, in its decision/ order, the trial court indicated that it had drawn an unfavorable inference against tenant on the primary residence claim, having concluded that landlord had failed to meet its burden of proof on the illegal sublet claim.
The court should have advised tenant during trial that it was going to draw an adverse inference on the primary residence *85 claim due to tenant’s failure to call her relatives as witnesses. Before an adverse inference may be drawn based on a witness’ absence, the law requires that the court rule on the issue on a timely manner to enable the parties to “tailor their trial strategy to avoid substantial possibilities of surprise” (People v Gonzalez, 68 NY2d 424, 428 [1986] [internal quotation marks omitted]). The trial court’s failure to rule on a timely manner denied tenant the opportunity to adjust her trial strategy (see Spoto v S.D.R. Constr., 226 AD2d 202, 204 [1996]) or to explain her failure to call the two witnesses (see People v Magett, 196 AD2d 62 [1994]).
At the time of landlord’s request for a missing witness inference, the illegal sublet claim had not been dismissed. Without having the benefit of the trial court’s thinking, tenant could have reasonably believed that the testimony of her relatives was cumulative, particularly in light of the testimony of her neighbors confirming her presence at the apartment and the documentary evidence, i.e., tax returns and voting records, which substantiated her position on primary residence. Moreover, landlord called tenant as its own witness. During her testimony, Ms. Jones denied that her relatives paid her rent to live in the apartment. In the absence of documentary proof belying Ms. Jones’ testimony, it was incumbent upon landlord, if it wished to pursue the illegal sublet claim, to call the cousin or the nephew on its own case. Having failed to do so, landlord was not entitled to an adverse inference for tenant’s failure to do that which landlord had to do to meet its own burden of proof on illegal sublet.
The court’s untimely ruling was all the more prejudicial since the testimony of tenant’s witnesses was found to be “not a great help” and “less than convincing,” based on the witnesses’ inability to remember specifics. Tenant’s witnesses were her contemporaries, individuals of advanced age whose ability to recall and articulate did not satisfy the trial court. Under these circumstances, it became “imperative that all discussions regarding [the adverse inference] be clearly set forth on the record so that the respective positions of each party [could be] readily discernible” (People v Gonzalez, 68 NY2d at 428). The adverse inference drawn by the trial court, without any discussion on the record or forewarning to tenant, was clearly prejudicial and denied her a fair trial.
*86 I respectfully dissent, and would reverse the possessory judgment in landlord’s favor and order a new trial.
McCooe and Davis, JJ., concur; McKeon, EJ., dissents in a separate opinion.