OPINION OF THE COURT
Per Curiam.
Final judgment, dated December 22, 2005, and order, dated March 27, 2006, affirmed with $25 costs. Judgment, entered March 2, 2006, modified to reduce tenant’s recovery of legal fees to the sum $34,053, and, as modified, affirmed, without costs.
In this holdover summary proceeding, landlord seeks possession of tenant’s stabilized apartment on the ground of nonprimary residence. The trial court, crediting tenant’s testimony, found that tenant did not abandon the subject apartment premises, but rather, temporarily relocated to California to care for her elderly, infirm parents.
Giving due deference to the trial court’s findings of fact and credibility (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]), the determination that the subject Manhattan apartment is tenant’s primary residence represents a fair interpretation of the evidence and is not disturbed. The record reveals that tenant, a registered nurse, cared for her ailing parents in California on a daily basis from the spring of 2001 to December 2002, tending to their health needs by administering medication and checking their vital signs, overseeing their personal care, and taking them to medical appointments. Tenant, who at no time rented or owned any realty in California, lived in makeshift quarters during her temporary stay there, first in a residence owned by her sister and brother-in-law and later at a friend’s house. The temporary relocation for the purpose of caring for *100 ailing parents does not in itself mandate a finding of nonprimary residence (see Nussbaum Resources I, LLC v Gilmartin, 2003 NY Slip Op 50553[U] [2003]; Kalimian v Holmberg, 2001 NY Slip Op 40297[U] [2001]). Tenant’s credited testimony established that her father was in his mid-eighties and suffered from various systemic diseases, including lupus, and that her mother, who was recovering from knee surgery, was physically incapable of caring for her husband. The fact that tenant was employed while in California is understandable since she had to financially support herself and her daughter. Nor does the fact that tenant did not live with her parents on a full-time basis in what she described as a “tiny” one-bedroom unit undermine her credited account of her care giving efforts. This is particularly so considering that any such cohabitation would have violated the rules of her parents’ senior care facility. Also readily explainable was tenant’s need to obtain a California driver’s license during her temporary stay in the state. The evidence relating to tenant’s filing of her tax returns was ambivalent, with tenant listing the Manhattan apartment premises as her residence in connection with the returns filed two of the three years provided. Notably, tenant did not own any real property or vote in California.
As the trial court expressly found, tenant maintained an ongoing substantial physical nexus to the New York apartment, where her teenaged daughter remained while attending Stuyvesant High School in Manhattan. Tenant returned to the apartment every two or three months, staying between two and five weeks, continued to maintain utility accounts at the premises, kept her furnishings there and maintained bank accounts listing the apartment. Evaluating the entire history of the tenancy (see 615 Co. v Mikeska, 75 NY2d 987, 988 [1990]), and considering the landlord’s failure to effectively refute the tenant’s credited testimony (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]), we agree that a forfeiture of the stabilized tenancy is unwarranted.
In deciding the primary residence issue framed on this appeal, our task is not to decide whether tenant acted inappropriately in allowing her teenaged daughter “to live alone in a New York City apartment” (dissenting op at 103) or to pass judgment on her efficacy as a parent. Instead, our affirmance of the trial court’s resolution of the legal issue in tenant’s favor is based upon an objective evaluation of the facts developed in the lengthy trial record and the application of relevant case law pre *101 cedent recognizing a tenant’s right to temporarily relocate in order to care for an ailing parent without losing primary residence status.
We note, from a procedural standpoint, that landlord waived any right to a missing witness inference by failing to timely request it at trial (see Spoto v S.D.R. Constr., 226 AD2d 202, 204 [1996]). We have reduced tenant’s recovery of legal fees to the extent indicated.