■ In the Matter of CRISTOFER A. SPOONER-BOYKE, Respondent, v ANALEAH CHARLES, Appellant. [4 NYS3d 137]—

Motion by the appellant for leave to reargue stated portions of an appeal from an order of protection of the Family Court, Queens County, dated April 5, 2013, which was determined by decision and order of this Court dated October 29, 2014.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted to the extent that reargument is granted, upon reargument, the decision and order of this Court dated October 29, 2014 (*Matter of Spooner-Boyke v Charles*, 121 AD3d 1120 [2014]), is recalled and vacated, and the following decision and order is substituted therefor, and the motion is otherwise denied:

In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated April 5, 2013, which, after a hearing, and upon a finding that she committed the family offenses of assault in the third degree, menacing in the third degree, disorderly conduct, and harassment in the second degree, directed her, inter alia, to stay away from the subject child until and including January 23, 2016.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, that branch of the petition alleging that the mother committed the family offense of assault in the third degree is dismissed, and the matter is remitted to the Family Court, Queens County, for a new hearing and determination of the remaining branches of the petition. Pending the new determination, the order of protection shall remain in effect as a temporary order of protection.

Cristofer A. Spooner-Boyke (hereinafter the father) and Analeah Charles (hereinafter the mother) are the parents of the subject child. The father commenced this family offense proceeding on the child's behalf, alleging that the mother physically abused the child on multiple occasions. Following a fact-finding hearing, the Family Court found that the mother committed the family offenses of assault in the third degree, menacing in the third degree, disorderly conduct, and harass-

ment in the second degree, and issued an order of protection remaining in effect until and including January 23, 2016, directing the mother to, inter alia, stay away from the child.

The Family Court improperly rejected the mother's request that it take judicial notice of the determination in the parties' prior custody proceeding, in the same court, in which the father admittedly made false allegations. That proceeding, and the court's findings therein regarding the father, were relevant to the court's assessment of the father's credibility in this matter. Accordingly, the court improvidently exercised its discretion in declining to take judicial notice of the prior custody proceeding (*see Matter of Shirley v Shirley*, 101 AD3d 1391 [2012]; *Matter of Lane v Lane*, 68 AD3d 995 [2009]).

Additionally, the Family Court erred in drawing a negative inference based on the mother's failure to call the child's maternal grandmother as a witness. " 'A party is entitled to a missing witness charge when the party establishes that an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party' " (*Matter of Adam K.*, 110 AD3d 168, 177 [2013], quoting *Zito v City of New York*, 49 AD3d 872, 874 [2008]). The court sua sponte drew a negative inference based on the mother's failure to call the grandmother as a witness, and failed to advise the mother that it intended to do so (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]; *Matter of Adam K.*, 110 AD3d 168 [2013]; *Spoto v S.D.R. Constr.*, 226 AD2d 202 [1996]; *People v Magett*, 196 AD2d 62 [1994]). The mother, therefore, lacked the opportunity to explain her failure to call the grandmother as a witness, or to discuss whether the grandmother was even available to testify or under her control (*see Spoto v S.D.R. Constr.*, 226 AD2d at 204; *People v Magett*, 196 AD2d at 64).

Contrary to the Family Court's finding, the evidence proffered at the hearing was insufficient to establish by a fair preponderance of the evidence that the mother committed the family offense of assault in the third degree. A person is guilty of assault in the third degree when "[w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person" (Penal Law § 120.00 [1]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, no evidence was presented that the child's physical condition was impaired, and there was insufficient evidence to establish that the child suffered substantial pain (*see Matter of Philip A.*, 49 NY2d 198, 200 [1980]; *People v Boley*, 106 AD3d 753, 754 [2013]).

The mother's remaining contentions are without merit.

Based upon the foregoing, that branch of the petition which alleged that the mother committed the family offense of assault in the third degree must be dismissed, and the matter remitted to the Family Court, Queens County, for a hearing and new determination of the remaining branches of the petition. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.