OPINION OF THE COURT
Lucy Billings, J.
I. Cantrell v General Sec., Inc.
In an order dated December 24, 2014, the court (Hagler, J.) in Cantrell v General Sec., Inc. (2014 NY Slip Op 33858[U] [Sup Ct, NY County 2014]) dismissed the action based on an inconvenient forum. (CPLR 327 [a].) Petitioner law firm in this proceeding represents the plaintiff Cantrell in that action. As of the hearing on this petition, Cantrell had not commenced an action in the alternative forum, but was still within the limitations period to do so.
On December 24, 2014, a Supreme Court clerk, Lisa White, filed the order in the New York State Courts Electronic Filing (NYSCEF) system, listed as “Filed: New York County Clerk,” as are all documents filed in the NYSCEF system, whether orders or not. (Verified petition, exhibit B.) The defendants served notice of entry of the order on Cantrell’s attorney, petitioner here, December 30, 2014, thus notifying petitioner and Cantrell that the order was entered December 24, 2014.
On January 16, 2015, the same order was filed again in the NYSCEF system, this time listed as “ENTERED IN THE OFFICE OF THE COUNTY CLERK ON JANUARY 16, 2015” (id., exhibit D), which the defendants also served on petitioner with notice of entry. Cantrell filed a timely notice of appeal from this notice of entry, but her notice of appeal was not timely from the notice of entry served December 30, 2014. Consequently, the Appellate Division, First Department, dismissed Cantrell’s appeal as untimely, thus finding the order filed December 24, 2014, and served with notice of entry December 30, 2014, to have been duly entered by the New York County Clerk. (22 NYCRR 202.5-b [h] [1]; Cantrell v General Sec., Inc., 2015 NY Slip Op 74782[U] [1st Dept, June 2, 2015].)
II. Respondent’s Delegation of His Authority in 2015
According to petitioner, respondent, the New York County Clerk as of January 2015, admitted to petitioner June 25, 2015, that respondent himself had not delegated his exclusive authority to enter Supreme Court orders to either of the persons who filed the order in Cantrell v General Sec. December 24, 2014, or January 16, 2015. If the Supreme Court clerk Lisa White who filed the order December 24, 2014, was unauthorized to enter *1040 it, but the person who filed it January 16, 2015, was authorized to enter it, Cantrell’s appeal was timely. On the other hand, if this latter person also was unauthorized, petitioner seeks to mandate respondent to enter the order now, so Cantrell then may appeal timely from that entry.
Based on the account petitioner obtained from respondent, Cantrell moved to renew or reargue the defendants’ motion to dismiss her appeal. (See 22 NYCRR 600.14 [a].) Respondent’s knowledge, however, and consequently his report to petitioner extended only to his delegation of authority in 2015 and not to any delegation of authority by his predecessor in office through December 31, 2014. The Appellate Division did not find this new evidence grounds to disturb the dismissal of Cantrell’s appeal and denied her motion for renewal or reargument. (Cantrell v General Sec., Inc., 2015 NY Slip Op 92040[U] [1st Dept, Dec. 1, 2015].)
III. The New York County Clerk’s Delegation of His Authority before 2015
CPLR 2220 (a) requires that “[a]n order determining a motion shall be entered and filed in the office of the clerk of the court,” referring to the County Clerk. 22 NYCRR 202.5-b (h) (1) provides that in the NYSCEF system “the County Clerk or his or her designee shall file orders and judgments of the court electronically, which shall constitute entry of the order or judgment. The date of entry shall be the date on which transmission of the order or judgment is recorded at the NYSCEF site.” Thus, for any persons other than the County Clerk himself to enter Supreme Court orders, those persons must have received the County Clerk’s designation to do so, particularly when they are not even employed by the County Clerk, but are employed by the Supreme Court.
Nothing requires that the County Clerk’s designation of persons to file or enter orders be in writing. While County Law § 526 (1) and Public Officers Law § 9 require the County Clerk’s appointment of deputy clerks to be in “[a] writing filed and recorded in his office” (County Law § 526 [1]), that appointment is to perform his various duties and exercise all his powers during his absence or incapacity, not to perform the single duty of entering orders and judgments.
Part of the relief petitioner sought was the opportunity to obtain evidence whether respondent’s predecessor designated any persons, particularly Supreme Court employees, to file and enter orders electronically. Therefore at the hearing on the pe *1041 tition the court permitted petitioner to examine Jeffrey Car-ucci, First Deputy Chief Clerk of the Supreme Court, New York County, Civil Division, and Statewide Coordinator of the New York State E-Filing System. His affidavit in opposition to the petition attested that as of December 24, 2014, “employees of the court had been delegated authority to file . . . orders” electronically “and doing so constituted entry.” (Aff in opp of Jeffrey Carucci ¶ 6.)
Carucci’s testimony revealed that he actually had no direct knowledge that respondent’s predecessor, Norman Goodman, had delegated his authority to file and enter orders electronically to Supreme Court employees. Carucci had never heard County Clerk Goodman delegate his authority or designate anyone to file and enter orders, nor seen any written delegation or designation to that effect. Nor could Carucci define which Supreme Court employees had been designated to perform that duty. Thus he did not know whether the Supreme Court clerk Lisa White who filed the order December 24, 2014, had been delegated the authority to file and enter that order.
IV. The Failure to Present Norman Goodman’s Testimony
Petitioner urges that the court draw an adverse inference against respondent due to his failure to call his predecessor Goodman as a witness or at least offer his affidavit regarding whether he delegated his authority to file and enter Supreme Court orders. As petitioner concedes, however, a necessary precondition to an adverse inference is that the witness be under respondent’s control. (DeVito v Feliciano, 22 NY3d 159, 166 [2013]; People v Savinon, 100 NY2d 192, 197 [2003]; People v Macana, 84 NY2d 173, 177 [1994]; People v Gonzalez, 68 NY2d 424, 428 [1986].) Petitioner bore the burden to establish that the order filed December 24, 2014, was not duly entered, but petitioner failed to show that Goodman, after his retirement December 31, 2014, was under his successor’s control and any more available to respondent than to petitioner.
This precondition of control requires an evaluation of the relationship between Goodman and respondent leading to a conclusion that Goodman would be expected to be faithful to respondent and confirm respondent’s version of events, presented through Carucci. (People v Savinon, 100 NY2d at 197-198; People v Gonzalez, 68 NY2d at 429; see People v Gonzalez, 68 NY2d at 431.) While respondent might be expected to be faithful to his predecessor in office and carry on his predecessor’s precedent, petitioner does not suggest any reason for the *1042 predecessor Goodman to support respondent’s version of such a precedent that was not based on firsthand knowledge. (People v Macana, 84 NY2d at 177-178.) As Carucci’s testimony demonstrated, neither Carucci nor respondent had learned Goodman’s procedure directly from Goodman. (See People v Vasquez, 76 NY2d 722, 723-724 [1990].) No other evidence demonstrated any discussion between respondent and Goodman or relationship between them, other than one’s succession of the other. (See People v Savinon, 100 NY2d at 197; People v Vasquez, 76 NY2d at 723-724; People v McKenzie, 281 AD2d 236, 237 [1st Dept 2001].) In fact, as petitioner repeatedly emphasized, after learning of the confusion in Cantrell v General Sec., in June 2015 respondent instituted a written procedure delegating his authority and designating persons authorized to enter Supreme Court orders: a departure from the precedent as recounted by Carucci.
Goodman was the person who most certainly could provide firsthand knowledge of whether he had delegated his authority and whom he had authorized to enter orders and could correct or fill the gaps in Carucci’s speculative and inconclusive testimony. (People v Gonzalez, 68 NY2d at 427-428, 430.) Goodman well may have sought to show that he had maintained a more formal and rigorous procedure than Carucci portrayed, more akin to the procedure respondent eventually instituted. Thus petitioner, who bore the burden to show that Goodman had not authorized Lisa White to enter the order filed December 24, 2014 (CPLR 7803 [1], [3]), would be expected as much as respondent, if not more so, to take measures to present Goodman’s version of events. (See People v Savinon, 100 NY2d at 199.) Although petitioner vigorously sought respondent’s testimony until petitioner realized that his personal knowledge of pre-2015 procedure was less than Carucci’s, petitioner never sought to depose Goodman (CPLR 408), or to subpoena him to testify. (See People v Savinon, 100 NY2d at 196, 199.) Nothing suggested that Goodman was not physically available or even that he was reluctant to testify. (Id. at 198-199; People v Gonzalez, 68 NY2d at 427-428; Crowder v Wells & Wells Equip., Inc., 11 AD3d 360, 362 [1st Dept 2004]; see People v Gonzalez, 68 NY2d at 428-429.)
Petitioner may dispute all or part of the above analysis, but any erroneous factual assumption regarding the control or availability of Goodman is due to petitioner’s failure to provide respondent an opportunity to show and the court an op *1043 portunity to ascertain the facts regarding these issues and allow respondent to consider presenting Goodman’s testimony. It is incumbent on petitioner, the party seeking an inference adverse to respondent due to the uncalled witness, to notify respondent and the court as promptly as possible of the intent to seek that relief. Prompt notice would have enabled respondent to determine whether to call the witness and, if the witness remained uncalled, would have enabled the court to ascertain the facts necessary to determine whether any inference was warranted. (People v Gonzalez, 68 NY2d at 427-428; Spoto v S.D.R. Constr., 226 AD2d 202, 204 [1st Dept 1996].) By waiting to suggest the adverse inference until long after both parties had presented their evidence, petitioner deprived respondent and the court of the opportunity to make those determinations and therefore deprived petitioner itself of entitlement to the inference. (Spoto v S.D.R. Constr., 226 AD2d at 204-205.)
V. Conclusion
Based on the evidence presented, and absent petitioner’s entitlement to an adverse inference from missing evidence, petitioner has failed to satisfy its burden to establish that the New York County Clerk had not authorized Lisa White to enter the order filed December 24, 2014, and that therefore the order was not duly entered then. (CPLR 2220 [a]; 7803 [1], [3]; 22 NYCRR 202.5-b [h] [1].) Moreover, by asking this court to determine that the order dated December 24, 2014, was not entered that day, petitioner is asking for a determination that the Appellate Division, First Department, twice refused to make and necessarily made to the contrary when it found that Cantrell’s appeal was untimely. Petitioner presented no new evidence here that supported an unauthorized entry of the order filed December 24, 2014, and that Cantrell had not already presented to the Appellate Division.
Nevertheless, insofar as Carucci’s testimony or other evidence presented here may have been new, after the hearing here, and without informing this court, Cantrell moved again to renew or reargue the defendants’ motion to dismiss her appeal. (See 22 NYCRR 600.14 [a].) As this court has found, even if Carucci’s testimony was inconclusive in respondent’s favor, the new evidence did not support petitioner, who carried the burden of persuasion. Just as this court has found, and now binding it once again, the Appellate Division again did not find this new evidence grounds to disturb the dismissal of Cantrell’s appeal and denied her motion for renewal or reargument. *1044 (Cantrell v General Sec., Inc., 2016 NY Slip Op 68435[U] [1st Dept, Mar. 29, 2016].)
Consequently, while petitioner may be credited with relentlessly vigorous advocacy on a client’s behalf and with bringing to light a perceived confusion in the filing versus the entry of Supreme Court orders and judgments, which respondent addressed in June 2015, a change in June 2015 does not affect the procedure authorized and employed in December 2014. Nor does such a change or anything presented in this court enable it to sidestep three controlling Appellate Division rulings by granting the petition. For all these reasons, as fully explained above, the court denies the petition for a determination that the entry of the order in Cantrell v General Sec., Inc. (2014 NY Slip Op 33858 [U] [Sup Ct, NY County 2014]) December 24, 2014, was unauthorized, to mandate respondent to enter that order, and for related relief and dismisses this proceeding. (CPLR 2220 [a]; 7803 [1], [3]; 7806; 22 NYCRR 202.5-b [h] [1].)