Matter of HYK-273 W. 138th St. LLC v New York State Div. of Hous. & Community Renewal (2019 NY Slip Op 00969)





Matter of HYK-273 W. 138th St. LLC v New York State Div. of Hous. & Community Renewal


2019 NY Slip Op 00969


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


8347 101554/15

[*1] In re HYK-273 W. 138th Street LLC, et al. Petitioners-Appellants,
v
The New York State Division of Housing and Community Renewal, Respondent-Respondent, Emily Sherman, Respondent.


Alter & Barbaro, Brooklyn (Stephen V. Barbaro of counsel), for appellants.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for respondent.



Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered June 3, 2016, denying the petition to annul a determination of respondent Division of Housing and Community Renewal (DHCR), dated July 8, 2015, which, inter alia, found that petitioners violated Administrative Code of City of NY (Rent Control) §§ 26-412(d) and 26-413(b)(3)(a) and Emergency Housing Rent Control Law (9 NYCRR) §§ 2205.1(b) and 2206.5 by harassing tenants, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination that petitioners violated Administrative Code §§ 26-412(d) and 26-413(b)(3)(a) and 9 NYCRR 2205.1(b) and 2206.5 by harassing tenants with the aim of causing them to vacate the premises has a rational basis in the record and is not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
There is no basis for disturbing the administrative law judge's conclusion following a hearing that respondent Emily Sherman, Danielle Sherman and Allen Sherman were tenants for purposes of Administrative Code §§ 26-412(d) and 26-413(b)(3)(a) and 9 NYCRR 2205.1(b) and 2206.5 (see Matter of Herzog v Joy, 74 AD2d 372, 374-375 [1st Dept 1980], affd 53 NY2d 821 [1981]; Administrative Code § 26-403[m] [defining "tenant" as "tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use and occupancy of any housing accommodation"]; 9 NYCRR 2200.2[o]). Contrary to petitioners' argument, the departure of respondent Emily Sherman, the tenant of record, from the apartment is not determinative as to the family members who remained (see Herzog, 74 Ad2d at 374-375). Nor did petitioners demonstrate that Danielle, who testified to having lived in the apartment her whole life, and Allen, who testified to having lived there since 2004, were not "entitled" to the "use and occupancy" of the apartment.
The record also supports the determination that petitioners were not, as they claim, acting to restore the premises to a livable condition but were neglecting or taking affirmative steps to worsen the deplorable conditions in the apartment, of which they were well aware at all relevant times, with the aim of evicting the residents so that they could demolish and redevelop the premises, and that, in doing so, they destroyed the apartment and most of the family's belongings.
Petitioners' argument that the tenants are not entitled to the protections of the Rent Stabilization Code because the apartment is not their primary residence is raised for the first time on appeal and is in any event unavailing. The Rent Stabilization Code is not implicated here. [*2]Moreover, petitioners failed to show that the apartment was not Danielle's and Allen's primary residence. Indeed, petitioners failed to show that the apartment was not Emily's primary residence, given the circumstances of her departure (see e.g. 542 E. 14th St. LLC v Lee, 18 Misc 3d 98 [App Term, 1st Dept 2007], affd 66 AD3d 18 [1st Dept 2009]).
Petitioners complain of procedural defects under CPLR 7804(e), in particular, "the absence of a full transcript of the record and proceedings." However, there was no apparent prejudice to petitioners, who cited to hearing testimony in their pleadings (see Matter of Smith v Quinn, 120 AD3d 1509 [3d Dept 2014]).
Petitioners waived their arguments about Lebovits's personal liability by failing to raise them before DHCR (see Matter of Yonkers Gardens Co. v State of N.Y. Div. of Hous. & Community Renewal, 51 NY2d 966 [1980]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK