Matter of Liam M.J. (Cyril M.J.) (2019 NY Slip Op 02207)





Matter of Liam M.J. (Cyril M.J.)


2019 NY Slip Op 02207


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


57 CAF 17-02173

[*1]IN THE MATTER OF LIAM M.J. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CYRIL M.J., RESPONDENT-APPELLANT.






BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT.
KEVIN EARL, COUNTY ATTORNEY, BATAVIA (COLLEEN S. HEAD OF COUNSEL), FOR PETITIONER-RESPONDENT.
JACQUELINE M. GRASSO, BATAVIA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered December 1, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected and abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, found that he neglected and abused the subject child and placed the child in the custody of petitioner. We affirm.
The father contends that Family Court erred in denying his motion to dismiss the petition at the close of petitioner's proof because petitioner failed to prove by a preponderance of the evidence that the child was neglected or abused. We reject that contention. "While the burden of proving abuse or neglect always rests with petitioner, upon a motion . . . to dismiss a Family Court Act article 10 petition at the close of petitioner's case, the proper inquiry [is] whether petitioner [has] made out a prima facie case, thereby shifting the burden to respondent[] to rebut the evidence of parental culpability" (Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1493 [4th Dept 2016], lv denied 28 NY3d 915 [2017] [internal quotation marks omitted]). Petitioner met its initial burden by establishing that, within the time frame alleged in the petition, the father committed against the child an act constituting sexual abuse in the first degree in violation of Penal Law § 130.65 (3) (see Family Ct Act § 1012 [e] [iii] [A]; [f] [i] [B]).
Contrary to the father's further contention, we conclude that there is a sound and substantial basis for the court's ultimate determination that the child was neglected and abused as a result of the father's sexual abuse of the child (see generally Family Ct Act
§ 1046 [b] [i]; Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1339-1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). Here, the child's disclosures of the sexual abuse were sufficiently corroborated by the testimony of a forensic expert, a caseworker, and the child's caretaker, who was not involved in the custody dispute between the mother and the father, as well as by the child's "age-inappropriate knowledge of sexual matters" (Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1411 [4th Dept 2017]; see § 1046 [a] [vi]). Furthermore, "the child gave multiple, consistent descriptions of the abuse and, [a]lthough repetition of an accusation by a child does not corroborate the child's prior account of [abuse] . . . , the consistency of the child['s] out-of-court statements describing [the] sexual conduct enhances the reliability of those out-of-court statements' " (Brooke T., 156 AD3d at 1411). The reliability of the corroboration is a "determination entrusted in the first instance to [the court's] considerable discretion" (Matter of Timothy B. [Paul K.], 138 AD3d 1460, 1461 [4th Dept 2016], lv denied 28 NY3d 908 [2016] [internal quotation marks omitted]), and we find no reason to disturb the court's determination [*2]here.
Finally, we agree with the father that the court erred in drawing a negative inference against him based on his failure to call his girlfriend as a witness. "A party is entitled to a missing witness charge when the party establishes that an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party" (Matter of Spooner-Boyke v Charles, 126 AD3d 907, 909 [2d Dept 2015] [internal quotation marks omitted]; see DeVito v Feliciano, 22 NY3d 159, 165-166 [2013]). "The party seeking a missing witness inference has the initial burden of setting forth the basis for the request as soon as practicable . . . to[, inter alia,] avoid substantial possibilities of surprise" (Matter of Lewis, 158 AD3d 1247, 1250 [4th Dept 2018], lv denied 31 NY3d 909 [2018] [internal quotation marks omitted]; see generally People v Nguyen, 156 AD3d 1461, 1462 [4th Dept 2017], lv denied 31 NY3d 1016 [2018]). Here, in its written decision, "[t]he court sua sponte drew a negative inference based on the [father's] failure to call [his girlfriend] as a witness, and failed to advise [him] that it intended to do so" (Spooner-Boyke, 126 AD3d at 909). Thus, the father "lacked the opportunity to explain [his] failure to call [his girlfriend] as a witness, or to discuss whether [his girlfriend] was even available to testify or under [his] control" (id.). We conclude, however, that the error did not affect the result (see generally Matter of Antoine C., 124 AD3d 433, 434 [1st Dept 2015], lv denied 25 NY3d 905 [2015]; Matter of LaRussa v Williams, 114 AD3d 1052, 1054 [3d Dept 2014]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court