## Lopez v 157-161 E. 28th St. LLC

2024 NY Slip Op 33301(U)

September 18, 2024

Supreme Court, New York County

Docket Number: Index No. 161135/2018

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYNN R. KOTLER**                    PART                08

*Justice*

-------------------------------------------------------------------X

CELVIN ESTRADA LOPEZ,

                      Plaintiff,

              - v -

157-161 EAST 28TH STREET LLC,FORKOSH
CONSTRUCTION CO., INC.,

                  Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161135/2018 |
| MOTION DATE | 04/13/2023, 04/14/2023, 05/09/2023 |
| MOTION SEQ. NO. | 004 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 297, 301, 302, 307, 308, 311, 314, 317, 318, 319, 320, 321, 322, 330, 333, 336, 344, 345, 348, 351, 354, 357

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 298, 300, 303, 309, 312, 315, 327, 328, 331, 334, 337, 339, 340, 341, 342, 346, 349, 352, 355

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 299, 304, 310, 313, 316, 323, 324, 325, 326, 332, 335, 338, 343, 347, 350, 353, 356

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

Upon the foregoing documents, it is ORDERED that these motions are decided as follows.

This is an action for personal injuries sustained due to an allege fall from a ladder at a construction site in violation of the labor law. There are three motions for summary judgment presently pending which are hereby consolidated for the court's consideration and disposition in this single decision and order.

In motion sequence 4, plaintiff moves for partial summary judgment on liability on his Labor Law § 240[1] claim against defendant 157-161 East 28th Street LLC (the "Owner"). The

Owner opposes plaintiff's motion and in motion sequence 5, together with defendant Forkosh Construction Co., Inc. ("Forkosh"), moves for summary judgment dismissing plaintiff's complaint against them as well as on their third-party claim against New Wave Contracting Corp. ("New Wave") for contractual indemnification. Plaintiff and New Wave oppose defendants' motion. Finally, in motion sequence 6, New Wave moves for summary judgment dismissing defendants' third-party claims against it. Defendants oppose New Wave's motion. Issue has been joined and the motions were timely brought after note of issue was filed. Therefore, summary judgment relief is available. The court's decision is as follows.

The court will first consider the parties' arguments as to plaintiff's claims. Plaintiff testified at his deposition that he was injured on November 2, 2018 when a ladder he was working on failed. At that time, plaintiff was employed as a carpenter by New Wave and working at the premises located at 157-161 East 28th Street, New York, New York (the "premises"). Owner owned the premises and had hired Forkosh in connection with a residential condominium construction project. In his complaint, plaintiff has asserted violations of Labor Law § 240[1], § 241[6] and § 200/common law negligence against the defendants. At the outset, plaintiff has abandoned his Section 200 and common law negligence claims and does not oppose dismissal of his Section 240[2] and 240[3] claims. Therefore, defendants' motion for summary judgment dismissing these claims is granted without opposition.

On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; *Winegrad v. NYU Medical Center*, 64 NY2d 851 [1985]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). If the proponent fails to make out its prima facie case for summary judgment, however, then its motion must be denied,

regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]).

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (*Sillman v. Twentieth Century Fox Film*, 3 NY2d 395 [1957]).

Section 240[1]

Labor Law § 240[1], which is known as the Scaffold Law, imposes absolute liability upon owners, contractors and their agents where a breach of the statutory duty proximately causes an injury (*Gordon v. Eastern Railway Supply, Inc.*, 82 NY2d 555 [1993]). The statute provides in pertinent part as follows:

> All contractors and owners and their agents, … in the erection,
> demolition, repairing, altering, painting, cleaning or pointing of a
> premises or structure shall furnish or erect, or cause to be furnished
> or erected for the performance of such labor, scaffolding, hoists,
> stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes,
> and other devices which shall be so constructed, placed and
> operated as to give proper protection to a person so employed.

Labor Law § 240 protects workers from "extraordinary elevation risks" and not "the usual and ordinary dangers of a construction site" (*Rodriguez v. Margaret Tietz Center for Nursing Care, Inc.*, 84 NY2d 841 [1994]). "Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1)" (*Narducci v. Manhasset Bay Associates*, 96 NY2d 259 [2001]).

Section 240[1] was designed to prevent accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly

flowing from the application of the force of gravity to an object or person (*Runner v. New York Stock Exchange, Inc.*, 13 NY3d 5999 [2009] quoting *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). The protective devices enumerated in Labor Law § 240 [1] must be used to prevent injuries from either "a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v. Consolidated Edison Co.*, 78 NY2d 509 [1991]).

Plaintiff claims that he fell when the ladder he was working on suddenly failed. Ordinarily, the failure of an enumerated safety device causing injuries due to the operation of gravity on a person constitutes a prima facie cause of action for violation of Section 240[1]. However, here, there are triable issues of fact and questions concerning the credibility of plaintiff's account as to how the accident occurred which preclude summary judgment. Specifically, through incident reports and deposition testimony, defendants have raised triable issues of fact concerning how plaintiff sustained the injuries he's claiming int his action, the condition and position of the ladder and whether the ladder was secured when plaintiff's accident occurred. Thus, it remains for a jury to determine whether plaintiff's accident occurred as he testified. The court cannot merely discount defendants' witnesses' account of the condition of the ladder and the assertion that it was secured/tied off merely because plaintiff has offered conflicting testimony on this point. Accordingly, plaintiff's motion for summary judgment on liability is denied.

As for defendants' motion on this claim, the court is not convinced that the only way plaintiff's accident could have occurred was an unactionable loss of balance (*see i.e. Mitchell v.*

[* 4]

*City of New York*, 169 AD3d 505 [1st Dept 2019]). Accordingly, defendants' motion as to plaintiff's Section 240[1] claim is also denied.

Section 241[6]

Labor Law § 241[6] imposes a non-delegable duty on all contractors and owners, in connection with construction or demolition of buildings or excavation work, to ensure that:

> [a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

The scope of the duty imposed by Labor Law § 241[6] is defined by the safety rules set forth in the Industrial Code (*Garcia v. 225 E. 57th Owners, Inc.*, 96 AD3d 88 [1st Dept 2012] citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). Plaintiff must allege violations of specific, rather than general, provisions of the Industrial Code (*Rizzuto v. L.A. Wenger Contracting Co., Inc.*, 91 NY2d 343 [1998]). In opposition to defendants' motion, plaintiff has abandoned all alleged violations of the Industrial Code except for §§ 23-1.7(f), 23-1.21(b)(4)(ii) and 23-1.21(b)(4)(iv). Accordingly, defendants' motion dismissing plaintiff's Section 241[6] claim premised upon the alleged violations which plaintiff has abandoned is severed and dismissed.

Industrial Code § 23-1.7(f), states: (f) Vertical passage. Stairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided. On this point, there is a triable issue of fact as to whether the ladder which plaintiff was provided was a safe means to access the area in which plaintiff

was required to perform his work. Therefore, defendant's motion to dismiss the Section 241[6] claim premised upon Industrial Code § 23-1.7(f) is denied.

Industrial Code § 23-1.21(b)(4) provides in relevant part as follows:

> (ii) All ladder footings shall be firm. Slippery surfaces and insecure objects such as bricks and boxes shall not be used as ladder footings.
> …
> (iv) When work is being performed from ladder rungs between six and 10 feet above the ladder footing, a leaning ladder shall be held in place by a person stationed at the foot of such ladder unless the upper end of such ladder is secured against side slip by its position or by mechanical means.

While defendants maintain that the ladder was tied off and have submitted an expert affidavit opining that this Industrial Code provision was not violated, plaintiff's testimony highlights a dispute about the condition of the ladder and whether it was properly secured, thus raising a triable issue of fact as to whether Industrial Code § 23-1.21(b)(4)(ii) or (iv) were also violated. Accordingly, defendants' motion for summary judgment dismissing the balance of plaintiff's Section 241[6] claim is denied.

Defendants' motion as to New Wave and motion sequence 6

Defendants move for summary judgment on their third-party claim for contractual indemnification from New Wave, while New Wave moves to dismiss all of defendants' third-party claims against it. Defendants do not oppose New Wave's motion for summary judgment dismissing their claims for contribution, common law indemnification and breach of contract, which are therefore severed and dismissed without opposition. Therefore, defendants' sole remaining claim against New Wave is for contractual indemnification.

New Wave's contract with Forkosh contains the following indemnification clause:

> To the fullest extent permitted by law, [New Wave] shall defend, indemnify and hold harmless Owner, Contractor (GC/GM ) …

from and against all claims, damages, liabilities, losses and expenses, including but not limited to attorneys' fees, arising out of or in any way connected with the performance or lack of performance of the work under the agreement…, provided that any such claim, damage, liability, loss or expense is attributable to bodily injury … and caused in whole or in part by any actual or alleged:

- Act or omission of [New Wave] or any one directly or indirectly retained or engaged by it or anyone whose acts it may be liable; or

- Violation of any statutory duty, regulation, ordinance, rule or obligation by an Indemnitee provided that the violation arises out of or is any way connected with [New Wave's] performance or lack of performance of the work under the agreement.

[New Wave's] obligations under this contract shall apply regardless of whether or not any such claim, damage, liability, loss or expense is or may be attributable to the fault or negligence of the Contractor.

"A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (*Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777 [1987], quoting *Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153 [1973]; *see also Tonking v Port Auth. of N.Y. & N.J.,* 3 NY3d 486, 490 [2004]). However, "General Obligations Law § 5-322.1 prohibits and renders unenforceable any promise to hold harmless and indemnify a promisee which is a construction contractor or a landowner against its own negligence" (*Kilfeather v Astoria 31st St. Assoc.,* 156 AD2d 428 [2d Dept 1989]).

Contrary to New Wave's contention, plaintiff's accident "ar[ose] out of or [was] in any way connected with the performance or lack of performance of the work under the agreement". Indeed, there is no dispute that at the time of plaintiff's accident, he was performing excavation work which New Wave was contracted to perform. The fact that defendants supplied the ladder

does not warrant a different result, as there is no evidence that the defendants were negligent or that the ladder was otherwise defective. Therefore, the occurrence of plaintiff's accident triggered New Wave's obligation to indemnify and defend defendants. Accordingly, defendants' motion for summary judgment on its third-party claim for contractual indemnification against New Wave is granted and New Wave's motion for summary judgment dismissing this claim is denied.

**Conclusion**

In accordance herewith, it is hereby

**ORDERED** that plaintiff's motion for partial summary judgment on liability on his Section 241[6] claim (motion sequence 4) is denied; and it is further

**ORDERED** that defendants' motion for summary judgment (motion sequence 5) is granted to the following extent:

[1] plaintiff's Section 200 and common law negligence claims are severed and dismissed;

[2] plaintiff's Section 240[2] and 240[3] claims are severed and dismissed;

[2] plaintiff's Section 241[6] claims premised upon all Industrial Code violations except for violations of Industrial Code §§ 23-1.7(f), 23-1.21(b)(4)(ii) and 23-1.21(b)(4)(iv) are severed and dismissed; and

[3] defendants are granted summary judgment on their third-party claim for contractual indemnification against New Wave;

And it is further **ORDERED** that New Wave's motion for summary judgment (motion sequence 6) is granted to the extent that defendants' third-party claims for contribution, common law indemnification and breach of contract are severed and dismissed; and it is further

**ORDERED** that New Wave's motion is otherwise denied; and it is further

[* 8]

**ORDERED** that the issue of what amount third-party defendant New Wave should reimburse defendants for defense costs incurred to date, with statutory interest, is referred to the Special Referee Clerk for assignment to a Special Referee or JHO to hear and **determine**; and it is further

**ORDERED** that defense counsel shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with a complete Information Sheet, upon the Special Referee Clerk in the Motion Support Office (Room 119M), who is directed to place this matter on the calendar of the Special Referee's Part for the earliest convenient date.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly denied and this constitutes the Decision and Order of the court.

| 9/18/2024 | | | LYNN R. KOTLER, J.S.C. | |
|-----------|---|---|------------------------|---|
| **DATE** | | | | |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

     ☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE